Filed: January 17, 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

BRIEFING ORDER - CRIMINAL

_____

No. 22-4689,   <u>US v. Diana Toebbe</u>
         3:21-cr-00049-GMG-RWT-2

Briefing shall proceed on the following schedule:

_____

JOINT APPENDIX due: 02/21/2023

BRIEF [Opening] due: 02/21/2023

BRIEF [Response] due: 03/14/2023

BRIEF [Reply] (if any) due: Within 10 days of service of response brief.

_____

The following rules apply under this schedule:

- Filings must conform to the **Fourth Circuit Brief & Appendix Requirements** as to content, format, and copies. The Requirements are available as a link from this order and at **www.ca4.uscourts.gov**. FRAP 28, 30 & 32.
- The joint appendix must be paginated using Bates page numbering and the JA or J.A. format required by the **Fourth Circuit Appendix Pagination & Brief Citation Guide**. Appendix citations in the parties' briefs must use the same format. Local Rules 28(g) & 30(b)(4).
- All parties to a side must join in a single brief, even in consolidated cases, unless the court has granted a motion for leave to file separate briefs. Local Rules 28(a) & 28(d).
- Motions for extension of time should be filed only in extraordinary circumstances upon a showing of good cause. Local Rule 31(c).
- If a brief is filed in advance of its due date, the filer may request a corresponding advancement of the due date for the next brief by filing a

- motion to amend the briefing schedule.
- If a brief is filed after its due date, the time for filing subsequent briefs will be extended by the number of days the brief was late.
- Failure to file an opening brief within the scheduled time may lead to dismissal of the case and imposition of sanctions against counsel. Local Rules 45 & 46(g).
- Failure to file a response brief, or a motion to dismiss within the time allowed for filing a response brief, may result in waiver of defenses or loss of the right to be heard at argument. FRAP 31(c); Local Rule 27(f).
- The court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. Local Rule 34(a).
- If a case is to be scheduled for argument, counsel will receive prior notice from the court.

The following additional procedures apply to the filing of a brief under *Anders v. California*, 386 U.S. 738 (1967):

- If the *Anders* brief is being filed in a consolidated case in which co-defendants are not proceeding under *Anders*, counsel must prepare a separate opening brief and move to deconsolidate the *Anders* appeal.
- The filing of a joint appendix is required in *Anders* cases. The joint appendix should include all transcript, pleadings, and orders relating to the criminal appeal, including transcript of pre-trial, trial, guilty plea, and sentencing proceedings (arraignment, bail hearing, voir dire, and opening and closing argument transcript is not required unless relevant to a potential issue). CJA counsel should file a motion to exceed length limitations if the joint appendix exceeds 500 pages.
- An *Anders* brief that simply states there are no appealable issues is insufficient. The *Anders* brief must state that counsel has reviewed the entire record; the brief must identify any arguable issues with appropriate joint appendix citations and state, in a brief discussion with case citation, why such issues lack merit.
- Counsel must file a **Certificate of service of Anders brief** on defendant, stating that the defendant has been provided with a copy of the *Anders* brief and joint appendix and advised of his right to file a supplemental pro se brief within 30 days.
- If the defendant is not English-speaking, counsel must ensure that the substance of the *Anders* brief and the defendant's right to file a supplemental pro se brief is communicated to the defendant in his or her language. CJA counsel requiring interpreter or translator services must file an authorization

- request in the Fourth Circuit's eVoucher system before securing these services and state in the **Certificate of service of Anders brief** that interpreter or translator services were provided.
- The *Anders* procedures do **not** apply to hybrid briefs in which counsel raises meritorious issues as well as *Anders* issues. Accordingly, counsel filing a hybrid brief should not advise his client that he has a right to file a pro se supplemental brief.

/s/ PATRICIA S. CONNOR, CLERK
By: Cathi Bennett, Deputy Clerk