## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**

        **Appellee,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Appeal No. 22-4689**

**DIANA TOEBBE,**

        **Appellant.**

### <u>MOTION TO DISMISS APPEAL</u>

The United States, pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27(f)(2), moves the Court to dismiss the appeal filed by Appellant Diana Toebbe (hereinafter, the "appellant") because she knowingly and voluntarily waived her right to appeal her conviction and sentence. In support of this motion, the United States avers:

1.　　On February 16, 2022, and September 20, 2022, the appellant entered plea agreements, through which she expressly waived her right to appeal.[1] Exhibit 1, *February 2022 Plea Agreement*, at ¶ 16; Exhibit 2, *September 2022 Plea*

---

[1] This case involved two plea agreements and two plea hearings because the district court rejected the first plea agreement, which contained a binding provision pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. This is relevant because, as addressed more fully below, each plea agreement contained the identical appellate waiver. As such, the appellant participated in a Rule 11 colloquy that addressed the same waiver on two occasions, which is highly relevant to whether the waiver was knowing and intelligent.

*Agreement*, ¶ 17.

2.    The relevant paragraph reads, in whole:

Ms. Toebbe is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court sentences her pursuant to Paragraph 3 of this agreement:

a.    The defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the defendant's conviction on any ground whatsoever.  This includes a waiver of all rights to appeal the defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

b.    The defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.    To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or

2

prosecutorial misconduct.

The United States waives its right to appeal any sentence within [the] range specified in Paragraph 3.  Both parties have the right during any appeal to argue in support of the sentence.

*Id.*

3.     On February 18, 2022, and September 27, 2022, the magistrate judge conducted thorough plea hearings pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Exhibit 3, *February 2022 Plea Hearing Transcript*; Exhibit 4, *September 2022 Plea Hearing Transcript*.

4.     At each Rule 11 proceeding, the court placed the appellant under oath and advised her about the nature of the proceedings and the appellant's right to consult with counsel at any time.  Exhibit 3 at pp. 4-5; Exhibit 4 at pp. 4-5.  During the proceedings, the appellant stated that she holds a Ph.D.  *Id.* at p. 5; *Id.* at 5.  After making the inquiries required by Rule 11(b), the court found that the appellant made a knowing, voluntary and intelligent plea of guilty.  *Id.* at p. 40; *Id.* at p. 41.

5.     During each Rule 11 proceeding, the undersigned summarized the terms of the parties' plea agreement, including the appellate waiver.  *Id.* at pp. 10-16; *Id.* at pp. 10-16.

6.     During the magistrate judge's independent review of the terms of the plea agreement, the appellant acknowledged that, under the first subparagraph of the

appellate waiver in the plea agreement, she "waived all right[s] pursuant to Title 28, United States Code, Section 1291 or any other statute or constitutional provision to appeal [his] conviction **on any ground whatsoever**." *Id.* at pp. 32-33; *Id.* at p. 33 (emphasis added).

7.     Further, during each Rule 11 proceeding, the appellant acknowledged that, under the second subparagraph of the appellate waiver in the plea agreement, she:

> knowingly and expressly waived all rights conferred by Title 18, United States Code, Section 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution **for any reason**, including the establishment of the advisory sentencing guideline range, the determination of your criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervision.

*Id.* at p. 33; *Id.* at pp. 33-34 (emphasis added).

8.     During each Rule 11 proceeding, the appellant confirmed that she discussed the waiver of these appellate rights with her counsel. *Id.* at p. 35; *Id.* at p. 35.

9.     On November 9, 2022, the sentencing court calculated an applicable Sentencing Guidelines range of 262 to 327 months. Exhibit 5, *November 2022 Sentencing Transcript*, p. 45. The court imposed a sentence of 262 months of imprisonment. Exhibit 6, *Judgment in a Criminal Case*, p. 2. In sentencing the

appellant to 262 months of imprisonment, the court accepted the binding term in

Paragraph 3 of the plea agreement, which states, in full:

> Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree to the following binding term: **a sentence of imprisonment of not more than the low end of the applicable Guidelines range**. The parties' reference to "low end" means the lowest number of months of imprisonment available in the applicable Guidelines range. The Court will determine the amount of the supervised release and any fine. The parties understand that if the Court does not accept the binding provisions of this paragraph, then Ms. Toebbe will have the right to withdraw her plea of guilty.

Exhibit 2 at ¶ 3 (emphasis in original); Exhibit 5 at p. 45.

10.    Imposing a sentence at the low end of the range, as the court did, was

the sole condition precedent in the plea agreement to application and enforcement

of the appellate waiver. Exhibit 2 at ¶ 17 ("[T]he defendant waives the following

rights, if the Court sentences her pursuant to Paragraph 3 of this agreement . . . .").

11.    On November 29, 2022, the appellant noted this appeal but has not yet

filed an opening brief.

12.    The appellate waiver contains two exceptions, one for claims of

ineffective assistance of counsel and another for claims of prosecutorial misconduct.

An appellant can raise ineffective assistance of counsel on direct appeal only if it

"conclusively appears from the record that his counsel did not provide effective

assistance." *United States v.* Martinez, 136 F.3d 972, 979-80 (4th Cir. 1998); *accord*

5

*United States v. Freeman*, 24 F.4th 320 (4th Cir. 2022). However, at each Rule 11 proceeding, the appellant confirmed that there was no evidence of ineffective assistance of counsel or prosecutorial misconduct. Exhibit 3 at p. 35; Exhibit 4 at p. 35. Moreover, the government has no reason to believe that the appellant will claim that she received ineffective assistance or was the victim of prosecutorial misconduct during the sentencing phase. In fact, based on previous correspondence with appellate counsel, the government expects the appeal to challenge only the sentence imposed. Because the appellant will not raise any grounds which fall into these exceptions, this Court should enforce the appellate waiver and dismiss the appeal.

13.    This Court will enforce an appellate waiver if the waiver is knowing and intelligent and the issue sought to be appealed falls within the scope of the waiver. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990).

14.    Whether an appellate "waiver is 'knowing and intelligent' depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" *Attar*, 38 F.3d at 731 (quotation omitted) (alteration in the original). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11

colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 538 (4th Cir. 2012) (citing *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005)). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he made under oath during a plea colloquy." *Fields v. Att'y Gen. Of Maryland*, 956 F.2d 1290 (4th Cir. 1992).

15.    It is clear from the record in this case that the appellant knowingly and intelligently waived her appellate rights.  The appellant, who holds a Ph.D., was at all times represented by counsel.  In fact, over the course of the case, the appellant had the benefit of three attorneys, including two at each plea hearing.  In the colloquy with the magistrate judge, during two separate Rule 11 hearings, the appellant acknowledged that under the terms of her agreement, she was giving up the right to appeal her conviction and the sentence imposed by the district court.  Exhibit 3 at pp. 32-33; Exhibit 4 at p. 33-34.  The magistrate judge also conferred with the appellant's counsel regarding the appellate waiver.  *Id*. at p. 35; *Id.* at pp. 35-36.  The appellant advised that she discussed the waiver with her counsel.  *Id.* at p. 35; *Id.* at p. 35.  The magistrate judge concluded that the appellant's plea was voluntary and that she understood the appellate rights she waived.  *Id.* at p. 40; *Id.* at p. 41.

16.    This appeal, which the government expects to be directed at the appellant's sentence, falls within the scope of the appellate waiver.  The waiver of appellate rights in the plea agreement is a full waiver in which the defendant waived her right to appeal her conviction "on any ground whatsoever" and her sentence "for any reason" if the court sentenced her to the low end of the Guidelines range, which the plea agreement defines as the lowest number of months of imprisonment available in the applicable Guidelines range.   Exhibit 2 at ¶ 17.  The court sentenced the appellant to 262 months of imprisonment, which was the low end of the range under the definition in the plea agreement and which made the appellate waiver fully effective.

17.    For the reasons stated above, the United States moves the Court to dismiss the appeal, based upon the appellant's knowing and intelligent waiver of her appellate rights.

Respectfully submitted,

WILLIAM IHLENFELD
UNITED STATES ATTORNEY

By:    /s/ Jarod J. Douglas
        Jarod J. Douglas
        Assistant United States Attorney
        Northern District of West Virginia
        1125 Chapline Street, Suite 3000
        Wheeling, WV 26003
        (304) 234-0100

8

## <u>NOTIFICATION OF COUNSEL</u>

Pursuant to Local Rule 27(a), I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, notified counsel for the appellant of the intended filing of the foregoing motion to dismiss. Counsel advised that they oppose the motion to dismiss and intend to file a response.

/s/ Jarod J. Douglas

Jarod J. Douglas
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that, on January 18, 2023, the foregoing **MOTION TO DISMISS APPEAL** was served upon the appellant via CM/ECF and by delivering a copy to her attorneys:

Jessica N. Carmichael, Esq.
Carmichael Ellis & Brock
108 N. Alfred Street, 1st Floor
Alexandria, VA 22314

Barry P. Beck, Esq.
Power, Beck & Matzureff
308 W. Burke Street
Martinsburg, WV  25401

WILLIAM IHLENFELD
UNITED STATES ATTORNEY

By:   /s/ Jarod J. Douglas
      Jarod J. Douglas
      Assistant United States Attorney