```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

 3

 4   United States of America,

 5                      Plaintiff,

 6   vs.                      Criminal Action No. 3:21-cr-49-2

 7   Diana Toebbe,

 8                      Defendant.

 9

10         Proceedings had in the Plea Hearing in the

11   above-styled action on September 27, 2022, before the Honorable

12   Robert W. Trumble, Magistrate Judge, at Martinsburg,

13   West Virginia.

14

15                      APPEARANCES

16   On behalf of the United States of America:

17         Jarod J. Douglas
           Assistant United States Attorney
18         United States Attorney's Office
           P.O. Box 591
19         Wheeling, West Virginia 26003

20

21         Jessica Lieber Smolar
           Assistant United States Attorney
22         United States Attorney's Office
           700 Grant Street
23         Pittsburgh, Pennsylvania  15219

24   The defendant was present in person.

25   Proceedings reported by means of digital recording; transcript
     produced by computer-aided transcription.
```

```
 1                       APPEARANCES (Continued)

 2

 3   On behalf of the United States of America:

 4            S. Derek Shugert, Esq.
              United States Department of Justice
 5            950 Pennsylvania Avenue, NW
              Washington, DC  20530
 6

 7   On behalf of the defendant:

 8

 9            Barry P. Beck, Esq.
              Power, Beck & Matzureff Law Offices
10            308 West Burke Street
              Martinsburg, WV  25401

11

12            Jessica Carmichael, Esq.
              Carmichael, Ellis & Brock, PLLC
13            108 N. Alfred Street, 1st Floor
              Alexandria, VA  22314

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              (Digitally-recorded proceedings in open court.)
 2                   (September 27, 2022, 9:04 A.M.)
 3                              - - -
 4         THE COURT:  Thank you.  Please be seated.  All right.
 5   Good morning, everyone.
 6      Chad, would you call the case for me, please.
 7         THE CLERK:  Certainly.  This is the case of the
 8   United States of America versus Diana Toebbe, Criminal Number
 9   3:21-cr-49, defendant 2.
10      The government is represented by counsel, Jarod Douglas,
11   Jessica Smoler, and Derek Shugert.  The defendant is present in
12   person and by counsel, Barry Beck and Jessica Carmichael.
13      Are the parties ready to proceed?
14         MR. DOUGLAS:  The government is ready, Your Honor.
15         MR. BECK:  Mrs. Toebbe is ready, Your Honor.
16         THE COURT:  All right.  Good morning, everyone.
17   We're scheduled for a binding plea to an indictment this
18   morning.  And as an initial matter, there may be people who are
19   monitoring this proceeding by electronic means, and I would
20   caution anybody that is or will be monitoring by electronic
21   means to mute their microphones and not to cause any disruption
22   during the course of this hearing.
23      So with that in mind, who will be speaking?  Well, I'll be
24   directing questions to both of you, but who will be primarily
25   speaking on behalf of the defense?  Mr. Beck, you?
```

```
 1              MR. BECK:  I will, Your Honor.

 2              THE COURT:  All right.  Very well.

 3       Mr. Beck, it's my understanding that Ms. Toebbe desires to

 4    plead guilty to the charge contained in Count 1 of the original

 5    indictment; is that correct, sir?

 6              MR. BECK:  It is, Your Honor.

 7              THE COURT:  All right.  Thank you.

 8       Ms. Toebbe, would you please stand, raise your right hand,

 9    and be sworn by the clerk.

10       (The defendant was sworn in.)

11              THE DEFENDANT:  I do.

12              THE CLERK:  Thank you.

13              THE COURT:  Thank you.  Please be seated.

14       Ms. Toebbe, do you understand that you are under oath, and

15    if you answer any of my questions falsely, your answers may

16    later be used against you in another prosecution for perjury or

17    for making a false statement?

18              THE DEFENDANT:  I do.

19              THE COURT:  Do you understand that if you lie, it may

20    result in a higher sentence for you?

21              THE DEFENDANT:  I do.

22              THE COURT:  Now, during the course of this hearing,

23    I'm going to be asking you several questions.  At any point,

24    you should feel free to ask questions, ask for an explanation

25    if you do not understand my question, or ask me to pause the
```

1  proceedings so that you may confer with your counsel.  Do you

2  understand?

3          THE DEFENDANT:  Yes, I do.

4          THE COURT:  Would you state your full name for the

5  record, please.

6          THE DEFENDANT:  Diana Smay Toebbe.

7          THE COURT:  Ms. Toebbe, how old are you?

8          THE DEFENDANT:  I'm forty-six.

9          THE COURT:  And how much education have you had?

10          THE DEFENDANT:  I have a Ph.D.

11          THE COURT:  So you can read, write, and understand

12  English?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Have you recently been under the care of

15  a doctor, psychiatrist, or other medical professional for any

16  serious physical or mental illness, including treatment for an

17  addiction to drugs or alcohol?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Does any of the treatment that you've

20  received affect your ability to communicate with your

21  attorneys?

22          THE DEFENDANT:  No.

23          THE COURT:  Does it affect your ability to understand

24  the charges that are pending against you?

25          THE DEFENDANT:  No.

```
 1              THE COURT:  Did it affect your ability to participate
 2   in your defense of this matter?
 3              THE DEFENDANT:  No.
 4              THE COURT:  Did it affect your ability to understand
 5   the terms and conditions of the plea agreement that was offered
 6   by the government?
 7              THE DEFENDANT:  No.
 8              THE COURT:  Are you currently using any form of a
 9   controlled substance or any medication or alcohol that might
10   affect your ability to understand this proceeding?
11              THE DEFENDANT:  No.
12              THE COURT:  Mr. Beck, Ms. Carmichael, do either of
13   you have any reason to question the competence of your client,
14   Ms. Toebbe?
15              MR. BECK:  I do not, Your Honor.
16              MS. CARMICHAEL:  No, Your Honor.
17              THE COURT:  Ms. Toebbe, are you here today to enter a
18   guilty plea as part of a written plea agreement?
19              THE DEFENDANT:  I am.
20              THE COURT:  Ms. Toebbe, I find that you are competent
21   and capable of entering an informed plea.
22     Ms. Toebbe, my name is Robert Trumble.  I'm the United
23   States Magistrate Judge.  You are charged with a felony
24   offense.  You have the right to have this plea taken by an
25   Article III judge, sometimes called a district judge.  Only you
```

1  can give up that right, and I can only hear your plea if you

2  agree to it by signing a waiver.

3      Now, I have on my bench a waiver that appears to bear your

4  signature.  So first of all, did you, in fact, sign this

5  waiver?

6              THE DEFENDANT:  I did.

7              THE COURT:  Did you discuss it with your attorneys

8  before you signed it?

9              THE DEFENDANT:  I did.

10              THE COURT:  Do you understand the purpose for the

11  waiver is to allow me to hear your plea today; is that correct?

12              THE DEFENDANT:  I do.

13              THE COURT:  Did anyone force or pressure you into

14  signing the waiver?

15              THE DEFENDANT:  No, sir.

16              THE COURT:  Mr. Beck, Ms. Carmichael, do either of

17  you -- is it your understanding that your client agrees to the

18  waiver?

19              MR. BECK:  Yes, Your Honor.

20              THE COURT:  All right.  Thank you.  I find that the

21  waiver has been properly executed and direct that it be filed.

22      Now, Ms. Toebbe, do you understand that you have the right

23  to be represented by counsel at every stage of these

24  proceedings, including your sentencing, and if you could not

25  afford counsel, you have a right to have counsel appointed in

```
1   your behalf?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Mr. Beck, do you or any member of your

4   office represent anyone, including codefendants, who might be

5   interested in the outcome of this matter?

6              MR. BECK:  No, Your Honor.

7              THE COURT:  Ms. Carmichael, do you or any member of

8   your office or firm represent anyone who might -- including

9   codefendants, who might be interested in the outcome of this

10  matter?

11             MS. CARMICHAEL:  No, Your Honor.

12             THE COURT:  Thank you.

13     All right.  Ms. Toebbe, let me ask you some questions about

14  the representation that you've received.  Do you believe that

15  you've had adequate time to discuss your case fully with your

16  counsel?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Have they been able to answer your

19  questions about how best to proceed in this case?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Is there anything your lawyers have not

22  done which you have asked them to do?

23             THE DEFENDANT:  No.

24             THE COURT:  Are you completely satisfied with the

25  legal advice that you've received from Mr. Beck and
```

1   Ms. Carmichael?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Ms. Carmichael and Mr. Beck, during the

4   time that you represented Ms. Toebbe, has she been cooperative

5   with you?

6           MR. BECK:  She has, Your Honor.

7           THE COURT:  Have you had adequate time to discover

8   the government's case?

9           MR. BECK:  Yes, Your Honor.

10          THE COURT:  Have you had adequate time to consider

11  the possible defenses to the charge?

12          MR. BECK:  Yes, Your Honor.

13          THE COURT:  Do either of you know any viable defense

14  to the charge contained in Count 1 of the original indictment?

15          MR. BECK:  We do not, Your Honor.

16          THE COURT:  Have you had adequate time to consider

17  the possible sentences that may be imposed upon your client?

18          MR. BECK:  Yes, Your Honor.

19          THE COURT:  Have you discussed all of the issues I

20  just addressed with you with your client, Ms. Toebbe?

21          MR. BECK:  We have, Your Honor.

22          THE COURT:  All right.  Thank you.

23      All right.  We have a plea agreement in this case.

24      Mr. Douglas, will you be speaking on behalf of the

25  government?

1        MR. DOUGLAS:  Yes, Your Honor.

2        THE COURT:  All right.  Would you summarize the

3   contents of the plea agreement for the Court.

4        MR. DOUGLAS:  Yes, Your Honor.

5     Your Honor, I have here the original version of the plea

6   agreement for the Court's consideration.  It's dated September

7   19, 2022.  It's in letter form.  It's 8 pages and 20 paragraphs

8   in length.

9     In the first paragraph, the defendant agrees to plead

10  guilty to Count 1 of the indictment.

11    Count 2 informs her of the maximum penalties of that plea

12  of guilty, including the maximum term of imprisonment, the

13  maximum term of fine as well as supervised release.

14    That paragraph also covers her requirement to pay the

15  special assessment -- the mandatory special assessment and

16  reflects her understanding that she might be required to pay

17  the costs of any incarceration.

18    Paragraph 3, Your Honor, of course as we know, we're here

19  on the second plea agreement.  This is one paragraph that has

20  changed.  Whereas previously the binding term was not more than

21  36 months of imprisonment, it is now a sentence of imprisonment

22  of not more than the low end of the applicable guidelines

23  range.  Which that paragraph goes on to explain the parties'

24  reference to that term "low end" as meaning the lowest number

25  of months of imprisonment available in the applicable

1  guidelines range.  Of course, the Court still determines the

2  supervised release and the fine if any.

3  That paragraph continues to reflect the parties'

4  understanding that if the Court does not accept that binding

5  term, then this defendant has the right to withdraw her plea of

6  guilty.

7  Paragraph 4 remains the same.  It's the stipulation with

8  regard to the base offense level of 37 since all that was

9  involved here was confidential classified information.  There

10  was no top secret information involved.  Only confidential

11  classified information.

12  Paragraph 5 is new.  That is a paragraph in which the

13  government has agreed to move the Court for a downward

14  departure under Section 5K1.1 of the guidelines.  Specifically,

15  a request for a three-level reduction which is conditioned upon

16  the defendant fulfilling her obligations under the plea

17  agreement.

18  Paragraph 6, Your Honor, remains the same.  It's the

19  stipulation as to the facts supporting this plea agreement as

20  well as the factual basis for the plea.  And, again, the

21  parties have agreed that in lieu of calling a witness later

22  when the Court asks for a factual basis, the government will

23  simply proffer this factual stipulation.  But it generally,

24  again, because it's already been outlined before in court, I'll

25  kind of keep it high level.  It generally discusses when she

1  joined the conspiracy during the charged period, what the

2  conspiracy's object was, what her contribution to the

3  conspiracy was.  Then it goes into specific sort of overt acts

4  in support of the conspiracy that occurred on June 26, 2021, in

5  this district; July 31, 2021, outside of this district in

6  Pennsylvania; August 28, 2021 -- onto the next page, page 3 --

7  which occurred in Virginia; and then October 9, 2021, the last

8  dead drop that was involved in this case and the arrest which

9  also occurred in this district.

10     Paragraph 7 is the *Booker* waiver.  That remains the same.

11  To the extent there are any facts that need to be determined,

12  it would be determined by the sentencing judge by a

13  preponderance of the evidence.

14     Paragraph 8 reflects the defendant's agreement to be

15  completely forthright and truthful of all questions made of

16  her.  So it's a cooperation paragraph.  That goes on to have

17  other specific instances of cooperation that she's agreed to,

18  including helping to access the electronic devices, helping to

19  locate and retrieve the $100,000 that was paid by the FBI, and

20  helping to locate all the classified information.

21     Now, she has fulfilled those obligations I can report.  Of

22  course, we'd still keep this in the plea agreement in case

23  there's any other cooperation that is needed in the future, but

24  she has aided in the return of the $100,000 specifically.

25     Paragraph 9 includes the limited use immunity that goes

1  along with that cooperation that she'll be required to provide

2  under paragraph 8.

3      Paragraph 10 reflects her understanding and agreement that

4  she shall not have contact with any foreign government or

5  agents thereof except with the express written permission of

6  the FBI unless such contact is solely for the purpose of

7  obtaining a visa for foreign travel, entering and departing a

8  foreign country through customs control, or otherwise related

9  to lawful international travel.  She shall not accept any

10  benefit from any foreign agent.

11      Moving on to page 5, paragraph 11.  That paragraph reflects

12  the defendant's knowingly and voluntarily giving up any right

13  to additional discovery in this case; and if there are any

14  pending requests, which I don't believe there are, those are

15  waived as well.

16      Paragraph 12 reflects the defendant's understanding and

17  agreement that no later than 30 days following the sentencing

18  hearing, she will, through her attorneys, return to the United

19  States all discovery provided by the United States in this case

20  with the exception of any classified materials that this office

21  has given the defendant and for which we've provided express

22  written permission to retain.  That has other provisions

23  related to that topic ending in paragraph 12.

24      Paragraph 13 states that without limitation to the

25  government's right to forfeit all property subject to

1  forfeitures permitted by law, she does forfeit and abandon

2  right, title, and interest to some specific items.  Of course

3  that's the papers, the digital media, and the electronic

4  devices seized from her residence, her vehicles, and

5  Mr. Toebbe's Naval Reactors offices in October of 2021.

6      Paragraph 14 reflects the government agreement to advise

7  the Court of the defendant's forthrightness and truthfulness or

8  failure to be forthright and truthful and asks the Court to

9  give it such weight as it deems appropriate.  That paragraph

10 also contains the government's agreement to move to dismiss the

11 remaining counts of the indictment against this defendant at

12 the sentencing hearing.

13     Paragraph 15 contains nonbinding sentencing recommendations

14 despite the fact that this is a binding plea agreement.

15 Specifically, that if the probation office finds she accepted

16 responsibility, which it has, and it should continue to do so,

17 that we will concur in that two-level reduction.

18     In addition, a third-level reduction for timely acceptance

19 of responsibility, which was conditioned upon the timely

20 execution of this plea agreement on or before September 23,

21 2022, and I can report that it was so timely executed.

22     Moving on to page 6, paragraph 16 covers when the plea

23 agreement is effective which is of course as soon as it is

24 signed.  It covers things that she could do that might cause

25 the release of the government's obligations under the plea

1  agreement, none of which has occurred, and sort of covers those
2  scenarios, however.
3      Paragraph 17 contains the appellate and habeas corpus
4  waivers in this matter, all of which are based upon the Court
5  sentencing the defendant pursuant to paragraph 3.  In other
6  words, pursuant to the binding term.  That paragraph is
7  separated into three subparagraphs.
8      Subparagraph A concerns the appeal of the conviction,
9  paragraph B -- subparagraph B concerns the direct appeal of the
10  sentence, and paragraph C concerns the habeas corpus or
11  collateral attack of both the conviction and sentence all of
12  which she waives, again, if the Court sentences her pursuant to
13  paragraph 3.
14      In paragraph 18, the government reserves the right to
15  provide the probation office with all relevant information with
16  regard to the background of this defendant.
17      Paragraph 19 concerns the -- any monetary penalties that
18  might be paid.  That paragraph remains the same as we
19  previously summarized.
20      Finally, paragraph 20 simply emphasizes that the above 19
21  paragraphs just outlined that's the entire agreement between
22  the parties.  There are no other agreements.
23      The plea agreement was in typeface font addressed to
24  Jessica Carmichael.  Mr. Beck, who went with the plea agreement
25  to the jail, crossed out Jessica Carmichael and wrote in his

1  name, and it appears to be signed by him and the defendant on

2  every page.  The government attorneys have signed on the final

3  page on behalf of the government.

4           THE COURT:  All right.  Thank you, Mr. Douglas.

5  Would you please tender the plea agreement to Mr. Beck, please.

6           MR. DOUGLAS:  So tendered.

7           THE COURT:  Thank you.

8      Mr. Beck, did Mr. Douglas provide a fair summary of the

9  entire agreement?

10           MR. BECK:  He did, Your Honor.

11           THE COURT:  Thank you.

12      Ms. Toebbe, do you understand what this agreement does?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Do you understand what this agreement

15  requires of you?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Do you have any questions about your plea

18  agreement?

19           THE DEFENDANT:  I do not.

20           THE COURT:  I'd like you to take a look at the plea

21  agreement that was just handed to your attorney.  First of all,

22  tell me how many pages are in the plea agreement.

23           THE DEFENDANT:  There are eight.

24           THE COURT:  And at the bottom of each page, there's a

25  signature line that appears to bear your signature.

1      Ms. Toebbe, is that your signature at the bottom of each

2  page?

3            THE DEFENDANT:  It is.

4            THE COURT:  Ms. Toebbe, were each of the paragraphs

5  of the plea agreement discussed with you prior to your reaching

6  an agreement with the government?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Now, do you understand that this is a

9  binding plea, meaning that you have agreed to be sentenced to a

10  sentence of imprisonment of not more than the low end

11  applicable guideline range, and the parties have referenced the

12  low end as meaning the lowest number of months of imprisonment

13  available in the applicable guideline range?

14            THE DEFENDANT:  Yes.

15            THE COURT:  Do you understand that because this is a

16  binding plea agreement, the sentencing court may accept the

17  plea agreement, reject it, or defer a decision until it has

18  reviewed your presentence report; and if the Court does not

19  accept the plea, you will have the right to withdraw your plea

20  of guilty?

21            THE DEFENDANT:  Yes.

22            THE COURT:  Do you understand that under our concept

23  known as relevant conduct, the Court may take into account any

24  conduct, circumstances, and injuries relevant to the crime to

25  which you are pleading guilty?

```
 1              THE DEFENDANT:  Yes.

 2              THE COURT:  Do you understand that under the terms of

 3    the plea agreement, you and the government have stipulated that

 4    the total relevant conduct of the defendant with regard to the

 5    original indictment is a base offense level of 37 pursuant to

 6    Section 2M3.1(a)(2) because the offense involved the

 7    communication of restricted data that was classified at the

 8    confidential level?

 9              THE DEFENDANT:  Yes.

10              THE COURT:  Do you understand that the Court is not

11    bound by this stipulation, and if the Court does not accept

12    this stipulation, you don't have the right to withdraw your

13    guilty plea?

14              THE DEFENDANT:  Yes.

15              THE COURT:  As part of your plea agreement, do you

16    understand that you have stipulated to the facts as set forth

17    in paragraph 6 of your plea agreement --

18        And, Mr. Beck, would you show that to her.  It's paragraph

19    6 that begins on page 2 and continues to the middle of page 3.

20              MR. BECK:  She has it in front of her, Your Honor.

21              THE COURT:  Ms. Toebbe, is that the stipulation to

22    which you've agreed to?

23              THE DEFENDANT:  Yes.

24              THE COURT:  Do you understand that under the terms of

25    the plea agreement, prior to sentencing and pursuant to Section
```

1   5K1.1 of the guidelines, the United States will move to depart

2   downward from the otherwise applicable guideline range; more

3   specifically, the United States will move the Court for a

4   three-level reduction pursuant to Section 5K1.1 of the

5   guidelines which is -- which agreement in this regard is

6   explicitly conditioned upon you fulfilling your obligations

7   under the plea agreement?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Do you understand that the terms of the

10  agreement -- that under the terms of the plea agreement, you

11  and the government have agreed that you will provide access to

12  and consent to search all electronic devices and accounts

13  owned, possessed, and/or controlled by you and files contained

14  therein; electronic accounts include but are not limited to all

15  Proton mail accounts?

16          THE DEFENDANT:  Yes.

17          THE COURT:  You also understand that pursuant to the

18  terms of the plea agreement, you and the government have agreed

19  that you will assist federal officials with locating all

20  classified information and restricted data in any form

21  possessed and/or controlled by you or contained in the

22  premises, including electronic devices and accounts possessed

23  and/or controlled by you?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you understand that under the terms of

1   the plea agreement, you and the government have agreed that you

2   shall not knowingly have any contact with any foreign

3   government or agents thereof except with the express written

4   permission of the FBI unless such contact is solely for the

5   purposes of obtaining a visa or for foreign travel, entering or

6   departing a foreign country through customs control, or

7   otherwise related to lawful international travel; that you

8   shall not seek or knowingly accept personally or through

9   another person or entity any benefit from any foreign

10  government or agent thereof; and that such -- should such

11  benefit be received by you or some person or entity on your

12  behalf, you will assign such benefit to the United States?

13          THE DEFENDANT:  I understand.

14          THE COURT:  Do you understand that under the terms of

15  the plea agreement, you and the government have agreed that if

16  the defendant withdraws from this agreement, commits or

17  attempts to commit any additional federal, state, or local

18  crimes, or intentionally gives materially false, incomplete, or

19  misleading testimony or information, or otherwise violates any

20  provision of the agreement, the United States will be released

21  from its obligation under the agreement; the defendant,

22  however, may not withdraw the guilty plea entered pursuant to

23  this agreement; that the defendant will be subject to

24  prosecution for any federal criminal violation, including but

25  not limited to perjury and obstruction of justice, that is not

```
 1   time-barred by the applicable statute of limitations on the
 2   date the agreement was signed; and that any prosecution,
 3   including prosecution that is subject to this agreement, may be
 4   premised upon any information provided or statements made by
 5   the defendant, and such information, statements, and leads
 6   derived therefrom may be used against the defendant to further
 7   waive any right to claim that the statements made before or
 8   after the date of the agreement should be excluded or
 9   suppressed under Federal Rule of Evidence 410, Federal Rule of
10   Criminal Procedure 11(f), the sentencing guidelines, or any
11   other provision of the constitution or federal law?
12           THE DEFENDANT:  I understand.
13           THE COURT:  Ms. Toebbe, does the written plea
14   agreement represent the complete agreement between you and the
15   government?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Is there anything that you and the
18   government have agreed to that is not contained in that written
19   document?
20           THE DEFENDANT:  No.
21           THE COURT:  Ms. Toebbe, do you want me to accept the
22   plea agreement?
23           THE DEFENDANT:  Yes.
24           THE COURT:  I find that the defendant, Ms. Toebbe,
25   understands and agrees with the terms contained in the plea
```

1    agreement.  I order the original plea agreement be filed as

2    part of the record in this case.

3        Mr. Beck, would you tender that to the clerk of the Court

4    for me.

5                MR. BECK:  Yes, Your Honor.

6                THE COURT:  Ms. Toebbe, have you received a copy of

7    the original indictment filed against you?

8                THE DEFENDANT:  Yes.

9                THE COURT:  Have you had an opportunity to read that

10   indictment?

11               THE DEFENDANT:  Yes.

12               THE COURT:  Would you like me to read the indictment

13   to you or waive -- will you -- or will you waive reading of the

14   indictment in open court?

15               THE DEFENDANT:  I waive that.

16               THE COURT:  All right.  Thank you.

17       Now, you are pleading to Count 1 of the original indictment

18   which charges you with conspiracy to communicate restricted

19   data in violation of Title 42, United States Code, Section

20   2274(a).

21       Ms. Toebbe, how do you plead to the charge contained in

22   Count 1 of the original indictment?

23               THE DEFENDANT:  Guilty.

24               THE COURT:  Now, before I accept your plea, I want to

25   make sure that there's a factual basis for your plea; that you

1  understand the nature of the charge against you and the

2  consequences of pleading guilty to the charge; that you

3  understand the constitutional and other legal rights you will

4  give up by pleading guilty; and that you are pleading guilty

5  voluntarily.

6      Ms. Toebbe, you are charged, again, in Count 1 with

7  conspiracy to communicate restricted data in violation of Title

8  42, United States Code, Section 2274(a).  Now, Title 42, United

9  States Code, Section 2274(a) states in its pertinent part as

10  follows:  "Whoever, lawfully or unlawfully, having possession

11  of, access to, control over, or being entrusted with any

12  document, writing, sketch, photograph, plan, model, instrument,

13  appliance, note, or information involving or incorporating

14  restricted data, communicates, transmits, or discloses the same

15  to any individual or person, or attempts or conspires to do any

16  of the foregoing, with the intent to injure the United States

17  or with the intent to secure an advantage to any foreign

18  nation, upon conviction thereof, shall be punished by

19  imprisonment for life or by imprisonment for any term of years,

20  or a fine of not more than $100,000 or both."

21      The term "restricted data" as defined in Title 42, United

22  States Code, Section 2014 means all data concerning design,

23  manufacture, or utilization of atomic weapons; the production

24  of special nuclear material; or the use of special nuclear

25  material in the production of energy but shall not include data

1  declassified or removed from the restricted data category

2  pursuant to Section 2162 of this title.

3      Do you understand the statute under which you've been

4  charged?

5          THE DEFENDANT:  I do.

6          THE COURT:  Now, if the government had to go to trial

7  in this case, the government would have to prove the following

8  elements of Title 42, United States Code, Section 2274(a)

9  against you beyond a reasonable doubt:  First, that you or

10 another person had possession of, access to, control over, or

11 entrusted with the restricted data; second, that you or another

12 person agreed to communicate, transmit, or disclose the

13 restricted data to any individual or person with the intent to

14 injure the United States or to secure an advantage to any

15 foreign nation which agreement constitutes a conspiracy; third,

16 that you knowingly and voluntarily participated in the

17 conspiracy; and fourth, that an overt act was committed in

18 furtherance of the conspiracy in the Northern District of

19 West Virginia.

20     Ms. Toebbe, do you understand the elements of the statute

21 under which you've been charged?

22          THE DEFENDANT:  I do.

23          THE COURT:  Now, Ms. Toebbe, considering those

24 definitions, do you consider yourself to be guilty of violating

25 Title 42, United States Code, Section 2274(a)?

1           THE DEFENDANT:  I do.

2           THE COURT:  Thank you.

3     Mr. Douglas, would you present your witness or proffer as

4  to what the government would have been able to prove in this

5  case.

6           MR. DOUGLAS:  Yes, Your Honor.

7     Your Honor, the parties have agreed that the government in

8  this instance will proceed by proffer, specifically proffering

9  the factual stipulation the Court has gone over with the

10  defendant.  It's in paragraph 6 of the plea agreement.  It says

11  that at some time during the charged period, Ms. Toebbe

12  knowingly and voluntarily joined a conspiracy with her husband,

13  Jonathan Toebbe, to communicate restricted data to another

14  person with the intent to secure an advantage to a foreign

15  nation and that she committed multiple overt acts in

16  furtherance of the conspiracy that paragraph 6 goes on to

17  specify, but specifically she acted as a lookout during three

18  dead drops that Mr. Toebbe serviced.

19     As the stipulation indicates in the plea agreement, at

20  least two of those occurred during the charged period in

21  Jefferson County, West Virginia, which is within the Northern

22  District of West Virginia, specifically on June 26, 2021, and

23  October 9, 2021.  Otherwise, the Court -- or the government

24  simply proffers the remaining paragraphs within paragraph 6 as

25  the factual basis for the plea.

```
1              THE COURT:  Thank you, Mr. Douglas.

2       Mr. Beck, Ms. Carmichael, do either of you have any

3   objection to the proffer as made by the government which

4   incorporates paragraph 6 of the plea agreement?

5              MR. BECK:  We do not, Your Honor.

6              THE COURT:  Ms. Toebbe, do you have any objection to

7   the government's proffer as made which also incorporates

8   paragraph 6 of your plea agreement?

9              THE DEFENDANT:  No.

10             THE COURT:  Ms. Toebbe, is the proffer by the

11  government and the evidence that the government just presented

12  both in verbal form and in paragraph 6 substantially correct?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Did the government's proffer accurately

15  reflect your involvement in what occurred?

16             THE DEFENDANT:  Yes.

17             THE COURT:  All right.  Ms. Toebbe, now I need you to

18  explain to me what you did that makes you guilty of conspiracy

19  to communicate restrictive data in violation of Title 42,

20  United States Code, Section 2274(a).

21             THE DEFENDANT:  During the time alleged in Count 1 of

22  the indictment, I knowingly and voluntarily joined a conspiracy

23  with my husband, Jonathan Toebbe, to communicate restricted

24  data to another person with the intent to secure an advantage

25  to a foreign nation.  And in furtherance of the conspiracy, I
```

1 acted as lookout for my husband when he serviced three dead

2 drops, one of which occurred in Jefferson County,

3 West Virginia, which is within the Northern District of

4 West Virginia.

5           THE COURT:  And these acts occurred on or about from

6 April 1, 2020, through on or about October 9, 2021, at or near

7 Jefferson County in the Northern District of West Virginia?

8           THE DEFENDANT:  That's correct.

9           THE COURT:  Again, Mr. Beck, Ms. Carmichael, are you

10 satisfied that if this case went to trial, there would be no

11 meritorious legal defense to the charge?

12           MR. BECK:  We are, Your Honor.

13           THE COURT:  And are you satisfied Ms. Toebbe's

14 constitutional and other rights have been observed fully?

15           MR. BECK:  Yes, Your Honor.

16           THE COURT:  And do you concur in her now-stated

17 intention to enter a plea of guilty to this charge?

18           MR. BECK:  We do, Your Honor.

19           THE COURT:  Ms. Toebbe, I find that there is a

20 sufficient factual basis for your plea of guilty.

21     Now, Ms. Toebbe, do you understand that you are pleading

22 guilty to a felony offense; and if your plea is accepted,

23 you'll be adjudged guilty of that felony offense?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Do you also understand that such judgment

1   may deprive you of valuable civil rights such as your right to

2   vote, your right to hold public office, your right to serve on

3   a jury, and your right to possess a firearm or gun of any kind?

4           THE DEFENDANT:  I do.

5           THE COURT:  Have you discussed the statutory

6   penalties that you will face as a result of this charge?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Then you understand that you expose

9   yourself to a maximum penalty of imprisonment for a term of not

10  more than life; a fine of not more than $100,000; and a term of

11  supervised release of not more than 5 years?

12          THE DEFENDANT:  I do.

13          THE COURT:  Mr. Douglas, is there any mandatory

14  minimum sentence that the defendant exposes herself to by

15  pleading guilty to Count 1 of the original indictment?

16          MR. DOUGLAS:  No, Your Honor.

17          THE COURT:  All right.  Thank you.

18      Now, Ms. Toebbe, do you understand that supervised release

19  means that after imprisonment, you'll be supervised by the

20  probation office under conditions that will be set by this

21  Court?

22          THE DEFENDANT:  I do.

23          THE COURT:  Do you also understand that if you

24  violate any of the terms of your supervised release, the Court

25  may revoke the term of your supervised release and order you to

```
 1  serve a term in prison?
 2              THE DEFENDANT:  I do.
 3              THE COURT:  Do you understand that you'll be required
 4  to pay a special assessment of $100 for having been convicted
 5  of a felony offense?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  And you understand that you've agreed as
 8  a condition of your plea agreement to pay this special
 9  assessment before the date of sentencing?
10              THE DEFENDANT:  Yes.
11              THE COURT:  Do you understand that you could pay --
12  be required to pay -- do you understand that as part of your
13  fine, you could be required to pay the cost of incarceration
14  and/or the cost of supervision upon release?
15              THE DEFENDANT:  Yes.
16              THE COURT:  Have you discussed those costs with your
17  counsel?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Then you understand that it now costs
20  $3,688 per person per month for prison; $371 per person per
21  month for supervised release; and $2,980 per month per person
22  for a residential reentry center?
23              THE DEFENDANT:  I do.
24              THE COURT:  Do you understand that the Court has the
25  authority to order restitution in your case?
```

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  And do you understand that the government
 3  may seek forfeiture in your case?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  Do you understand that the forfeiture of
 6  certain assets is part of the sentence that may be imposed in
 7  your case?
 8              THE DEFENDANT:  Yes, I do.
 9              THE COURT:  Do you understand that pursuant to the
10  terms of paragraph 13 of your plea agreement, you've agreed to
11  forfeit and abandon to the United States all of Ms. Toebbe's
12  right, title, and interest in the following items that
13  Ms. Toebbe agrees constitutes money, property, and/or assets
14  derived from or obtained by Ms. Toebbe as a result of or used
15  to facilitate the commission of Ms. Toebbe's illegal
16  activities:  All papers, digital media, electronic devices
17  seized from her residence, her vehicles, and Mr. Toebbe's Naval
18  Reactor's offices in October of 2021?
19              THE DEFENDANT:  Yes.
20              THE COURT:  In addition, do you understand that you
21  agree to assist the federal officials in locating and
22  retrieving the $100,000 which the FBI paid to you via Monero
23  cryptocurrency in exchange for the restricted data; in this
24  regard, you voluntarily abandon all right, title, and interest
25  and claim to the $100,000?
```

1          THE DEFENDANT:  Yes.

2          THE COURT:  Ms. Toebbe, do you understand that by

3    pleading guilty, if you are not a citizen of the United States,

4    you may be removed from the United States, denied citizenship,

5    and denied admission to the United States in the future?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Now, do you understand that even though

8    this is a binding plea, the sentencing guidelines may still

9    play a role in your case because the Court can only accept a

10   plea agreement containing a specific sentence if it determines

11   that the sentence is appropriate under the United States

12   Sentencing Guidelines?

13         THE DEFENDANT:  I do.

14         THE COURT:  Have you and your attorneys discussed the

15   application of the U.S. Sentencing Guidelines to your case?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you understand that the Court may

18   defer deciding whether to accept the plea in your case until

19   after the presentence report has been completed?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Do you understand that both you and the

22   government will have an opportunity to object to the

23   presentence report?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Do you understand that parole has been

1   abolished, and that if you are sentenced to prison, you will

2   not be released on parole?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Do you understand that in your plea

5   agreement, you've waived your right to have any sentencing

6   determinations made by a jury and for a jury to determine any

7   and all facts relevant to the application of the guidelines in

8   conformity with the Supreme Court case, *United States v.*

9   *Booker*?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Do you also understand that you agreed

12   for the United States district judge to determine any and all

13   facts and to make a resolution of the application of any and

14   all guideline factors?

15           THE DEFENDANT:  I do.

16           THE COURT:  Do you understand that you've agreed that

17   the district judge should make any sentencing determinations,

18   including, but not limited to, guideline determinations using

19   the preponderance of the evidence standard?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Now, Ms. Toebbe, do you understand that

22   in your plea agreement, you've agreed to give up your right to

23   appeal your sentence under many circumstances, and that is

24   provided that the Court sentence you pursuant to paragraph 3 of

25   your plea agreement being the binding term?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Ms. Toebbe, everyone found guilty of a

3   crime in federal court in this district has the right to appeal

4   their conviction and sentence to the Fourth Circuit Court of

5   Appeals in Richmond, Virginia.  In Richmond, a three-judge

6   panel reviews the conviction and sentence to see if it was done

7   correctly.

8      Do you understand that pursuant to the terms of paragraph

9   17-A of your plea agreement that you have knowingly waived all

10  right pursuant to Title 28, United States Code, Section 1291 or

11  any other statute or constitutional provision to appeal your

12  conviction on any ground whatsoever?

13         THE DEFENDANT:  Yes.

14         THE COURT:  This includes a waiver of your right to

15  appeal your conviction on the ground that the statute to which

16  you are pleading guilty is unconstitutional or on the ground

17  that the admitted conduct does not fall within the scope of the

18  statute.

19         THE DEFENDANT:  I understand.

20         THE COURT:  Do you understand that pursuant to

21  paragraph 17-B of your plea agreement that you have knowingly

22  and expressly waived all rights conferred by Title 18, United

23  States Code, Section 3742 to appeal whatever sentence is

24  imposed, including any fine, term of supervised release, or

25  order of restitution for any reason, including the

1  establishment of the advisory sentencing guideline range, the

2  determination of your criminal history, the weighing of the

3  sentencing factors, and any constitutional challenges to the

4  calculation and imposition of any term of imprisonment, fine,

5  order of forfeiture, order of restitution, and term or

6  condition of supervised release?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Do you understand that you only have the

9  right to appeal your guilty plea if you believe it was unlawful

10  or involuntary or that there was some other fundamental defect

11  in the proceeding that was not waived in the plea agreement

12  itself?

13          THE DEFENDANT:  I do.

14          THE COURT:  However, you agree that your guilty plea

15  today is lawful and voluntary and that there has been no

16  fundamental defect in the proceedings that you're aware of; is

17  that correct?

18          THE DEFENDANT:  That's correct.

19          THE COURT:  Do you also understand that everyone has

20  the right to challenge their conviction or sentence or the

21  manner in which it was determined in a post-conviction

22  proceeding, sometimes called a habeas corpus petition or

23  collateral attack, under Title 28, United States Code, Section

24  2255?

25          THE DEFENDANT:  Yes.

```
1              THE COURT:  Do you understand that pursuant to the
2    terms of paragraph 17-C of your plea agreement that you have
3    waived your right to challenge the conviction or the sentence
4    which is within the maximum provided in the statute of
5    conviction or the manner in which it was determined in any
6    post-conviction proceeding, including any proceeding under
7    Title 28, United States Code, Section 2255?
8              THE DEFENDANT:  Yes.
9              THE COURT:  Do you understand that your only legal
10   remedies on appeal or collateral attack are for claims of
11   ineffective assistance of counsel or prosecutorial misconduct?
12             THE DEFENDANT:  I do.
13             THE COURT:  However, you agree that there is
14   currently no known evidence of ineffective assistance of
15   counsel or prosecutorial misconduct --
16             THE DEFENDANT:  I do.
17             THE COURT:  -- is that correct?
18             THE DEFENDANT:  Correct.
19             THE COURT:  Have you discussed the waiver of these
20   important appellate rights with your attorneys?
21             THE DEFENDANT:  Yes.
22             THE COURT:  Having done so, do you still wish to
23   waive these rights?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Mr. Beck, Ms. Carmichael, do you believe
```

1 that the defendant fully understands the importance of the

2 rights she is waiving?

3    MR. BECK:  We do, Your Honor.

4    THE COURT:  All right.  Ms. Toebbe, do you understand

5 that should you find some basis on which to file an appeal,

6 with few exceptions, any notice of an appeal must be filed

7 within 14 days of judgment being entered in your case?

8    THE DEFENDANT:  I understand.

9    THE COURT:  Based on your responses, Ms. Toebbe, I

10 find that you understand the nature of the charge and the

11 consequences of a guilty plea to the charge.

12  Now, Ms. Toebbe, do you understand that you have the right

13 to continue to plead not guilty to the charge?

14    THE DEFENDANT:  Yes.

15    THE COURT:  Do you also understand that by pleading

16 guilty, you give up your right to a speedy and public trial by

17 jury?

18    THE DEFENDANT:  Yes.

19    THE COURT:  Do you also understand that by pleading

20 guilty, you give up your right to force the government to come

21 forward with witnesses and evidence against you?

22    THE DEFENDANT:  Yes.

23    THE COURT:  Do you understand that you would have

24 been presumed innocent until the government presented enough

25 evidence to satisfy both the judge and a jury beyond a

1    reasonable doubt of your guilt?

2              THE DEFENDANT:  I do.

3              THE COURT:  Do you understand that when you admit

4    your guilt as you have here, you relieve the government of the

5    burden of proving your guilt?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Do you understand that you would have had

8    the right to the assistance of counsel at trial?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Do you understand that you and your

11   attorneys, Ms. Carmichael and Mr. Beck, would have had the

12   right to confront and cross examine your accusers and to test

13   the truth of what they said?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Do you understand that by pleading

16   guilty, you give up that right?

17             THE DEFENDANT:  I do.

18             THE COURT:  Do you understand that had you desired to

19   go to trial and wished to call witnesses that you would have

20   been entitled to the services of the U.S. Marshal to bring

21   witnesses to court under subpoena?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand that by pleading

24   guilty, you give up your right to call witnesses except at your

25   sentencing hearing?

```
1                THE DEFENDANT:  I do.

2                THE COURT:  Do you understand that you would have had

3    the right to go to trial and -- you understand that you would

4    have had the right to move to suppress or keep away from the

5    jury's hearing and consideration any evidence of any nature

6    that had been illegally or unlawfully obtained?

7                THE DEFENDANT:  I do.

8                THE COURT:  Do you understand that had you desired to

9    go to trial that you would have had the right to testify at

10   trial?

11               THE DEFENDANT:  Yes.

12               THE COURT:  However, you understand that you could

13   not have been compelled or forced to testify at trial?

14               THE DEFENDANT:  Yes.

15               THE COURT:  Do you understand that you'd have had the

16   right to go to trial and remain silent; that is, not take the

17   witness stand or call any witnesses or present any evidence

18   whatsoever on your own behalf?

19               THE DEFENDANT:  Yes.

20               THE COURT:  Do you understand that the Court would

21   have instructed the jury that they could not convict you

22   because you'd exercised your constitutional right to remain

23   silent but could only base their decision on an offer of proof

24   from the government?

25               THE DEFENDANT:  Yes.
```

1           THE COURT:  Do you understand that you give up your
2  right to a unanimous verdict from a jury?
3           THE DEFENDANT:  Yes.
4           THE COURT:  Mr. Beck, Ms. Carmichael, do you believe
5  that Ms. Toebbe understands the consequences of her guilty
6  plea?
7           MR. BECK:  We do, Your Honor.
8           THE COURT:  Ms. Toebbe, I find that you understand
9  the constitutional and other legal rights you are giving up by
10 pleading guilty.
11    Now, Ms. Toebbe, knowing all of those things, do you still
12 wish to plead guilty at this time?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Has any person forced you, threatened
15 you, coerced you, intimidated you, or talked you into entering
16 a guilty plea against your will?
17          THE DEFENDANT:  No.
18          THE COURT:  Are you acting voluntarily and of your
19 own free will in entering this guilty plea?
20          THE DEFENDANT:  I am.
21          THE COURT:  Ms. Toebbe, are you pleading guilty
22 because you are guilty of the crime charged in Count 1 of the
23 original indictment?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Ms. Toebbe, has anyone promised you or

1    told you something that is different from what I've told you

2    today to get you to plead guilty?

3              THE DEFENDANT:  No.

4              THE COURT:  Is the plea the result of any promises

5    other than those promises specifically contained in your

6    written plea agreement?

7              THE DEFENDANT:  No.

8              THE COURT:  Are you pleading guilty to protect

9    anyone?

10             THE DEFENDANT:  No.

11             THE COURT:  Has anyone promised or predicted the

12   exact sentence which will be imposed upon you in this matter?

13             THE DEFENDANT:  No.

14             THE COURT:  Then you understand that at this time, no

15   one could know the exact sentence which will be imposed in your

16   case?

17             THE DEFENDANT:  I understand.

18             THE COURT:  Ms. Toebbe, have you been able to fully

19   understand what is going on in these proceedings today?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Based on your responses, I find that your

22   guilty plea is voluntary.

23       Now, again, at this time, Ms. Toebbe, do you have any

24   questions or second thoughts about entering a plea of guilty to

25   this charge?

1            THE DEFENDANT:  I don't.

2            THE COURT:  Would you please stand.

3    How do you plead to Count 1 of the original indictment

4    charging you with conspiracy to communicate restricted data?

5            THE DEFENDANT:  Guilty.

6            THE COURT:  Thank you.  Please be seated.

7    In the case of United States versus Diana Toebbe, I find

8    that Ms. Toebbe is fully competent and capable of entering into

9    an informed plea.  I find that there is a sufficient factual

10    basis for her plea of guilty.  I find that Ms. Toebbe

11    understands the nature of the charge and the consequences of a

12    guilty plea to the charge.  I find that Ms. Toebbe understands

13    the constitutional and other legal rights she is giving up

14    because of her plea, and I find that Ms. Toebbe's plea is

15    voluntary.

16    While I defer accepting the terms of the plea agreement and

17    adjudging the defendant guilty to the sentencing court, I do

18    accept the plea of guilty to Count 1 of the original

19    indictment.

20    Ms. Toebbe, the sentencing court must consider the

21    following factors when determining the sentence that you will

22    receive:  The nature and circumstances of the offense; your

23    history and characteristics; the necessity of punishing you,

24    deterring you, protecting the public from you or providing you

25    with training, medical care, or other treatment; the kinds of

1    sentences and sentencing range established by the sentencing

2    guidelines; the need to give defendants with similar criminal

3    records similar sentences; and the need to provide restitution

4    to any victims of the offense.

5       In order to help the Court consider these factors, the

6    probation office is required to conduct a presentence

7    investigation of you and submit a report to the sentencing

8    court.  The information in this report might have an impact on

9    the sentence you ultimately receive.  I strongly encourage you

10   to discuss this process and your participation in the same with

11   your attorneys.

12      Ms. Toebbe, understand that you must not commit any crimes

13   between now and sentencing because there are additional

14   punishments that may be imposed for committing additional

15   crimes.  Do you understand?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Pursuant to Section 6A1 of the United

18   States Sentencing Guidelines, I order the probation office to

19   conduct a presentence investigation of Ms. Toebbe, prepare a

20   draft presentence investigation report, and disclose its

21   contents to the government and Ms. Toebbe.  I further direct

22   the probation officer and all parties comply with Federal Rule

23   of Criminal Procedure 32 and U.S. Sentencing Guideline Section

24   6A1.2 regarding deadlines for disclosure, objection, departure

25   motion, or sentencing statement and requirements.  The

1  sentencing court will set this matter for sentencing following

2  the receipt of the presentence report.

3      Counsel, if either of you or if any of you anticipate a

4  lengthy sentencing hearing, please notify the Court in advance

5  so that an adequate amount of time can be set aside for that

6  hearing.  Judge Groh normally sets hearings for approximately

7  45 minutes so if you anticipate a longer hearing, please file

8  an appropriate motion.

9          MR. DOUGLAS:  Thank you, Your Honor.

10          MR. BECK:  Understood, Your Honor.

11          THE COURT:  All right, Counsel, anything further we

12  need to address before we adjourn this morning?

13          MR. DOUGLAS:  Not by the government, Your Honor.

14          MR. BECK:  Not for Mrs. Toebbe, Your Honor.

15          THE COURT:  All right.  With that in mind, the

16  defendant is remanded to the custody of the U.S. Marshals

17  Service, and we stand adjourned.  Thank you.

18

19              (Hearing concluded at 9:45 A.M.)

20

21

22

23

24

25

```
 1                        CERTIFICATE

 2

 3        I, Kate A. Slayden, Registered Professional Reporter

 4  and Official Court Reporter of the United States District Court

 5  for the Northern District of West Virginia, do hereby certify

 6  that the foregoing is a true and correct transcript to the best

 7  of my ability of the digitally-recorded proceedings had in the

 8  above-styled action on September 27, 2022, as transcribed by

 9  me.

10        I certify that the transcript fees and format comply

11  with those prescribed by the Court and Judicial Conference of

12  the United States.

13        Given under my hand this 6th day of December 2022.

14

15

16                         /s/Kate A. Slayden

17                         Kate A. Slayden, RPR, CCR
                           Official Reporter, United States
18                         District Court for the Northern
                           District of West Virginia

19

20

21

22

23

24

25
```