**CASE NO. 22-4689**

PUBLIC

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

DIANA TOEBBE,

*Defendant - Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

_____

**REPLY BRIEF OF APPELLANT - PUBLIC (Redacted)**

_____

Barry P. Beck, Esq.
POWER, BECK &
MATZUREFF
308 West Burke Street
Martinsburg, WV 25401
304-264-8870
bpbeck@frontier.com

Jessica N. Carmichael
CARMICHAEL ELLIS &
BROCK, PLLC
108 North Alfred Street, 1st Floor
Alexandria, VA 22314
703-684-7908
jessica@carmichaellegal.com

*Counsel for Appellant*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................iii

I.      INTRODUCTION ................................................................. 1

II.     The government is barred from asserting contradictory
        statements............................................................................ 2

        A. The government's statements on appeal contradict its
           statements at the ▮ and sentencing hearings ........................... 2

        B. The government is barred from submitting these
           inconsistent statements................................................ 8

III.    Government breached its plea agreement with Mrs. Toebbe
        in its Response brief, rendering the appeal waiver invalid,
        and necessitating remand to a different district judge................. 14

        A. A breach of a plea agreement invalidates an appeal
           waiver and warrants remand to a different district judge ....... 14

        B. The government breached its plea agreement in its
           Response brief................................................................ 16

IV.     With or without the government's contradictory statements,
        the government has failed to rebut Mrs. Toebbe's showing
        that she was deprived of a fair sentencing process, a right
        that Mrs. Toebbe did not, and cannot, waive.................................. 20

V.      Upholding Mrs. Toebbe's sentence on the basis of an appeal
        waiver would result in a miscarriage of justice.............................. 27

VI.     Mrs. Toebbe's sentence violated the Eighth Amendment ............. 28

VII.    CONCLUSION.................................................................... 29

CERTIFICATE OF COMPLIANCE .......................................................... 31

CERTIFICATE OF SERVICE.................................................................. 32

# TABLE OF AUTHORITIES

## Cases

*A Helping Hand, LLC v. Balt. Cty.*,
   515 F.3d 356 (4th Cir. 2008) ................................................................ 2

*Allen v. Zurich Insurance Co.*,
   667 F.2d 1162 (4th Cir. 1982) ................................................... 9, 10-11

*Castro v. United States*,
   540 U.S. 375 (2003) ........................................................................... 25

*DeGuiseppe v. Village of Bellwood*,
   68 F.3d 187 (7th Cir. 1995) ...................................................... 9-10, 21

*Drake v. Kemp*,
   762 F.2d 1449 (11th Cir. 1985) ......................................................... 12

*Duplan Corp. v. Deering Milliken, Inc.*,
   397 F. Supp. 1146 (D.S.C. 1975) ...................................................... 10

*Edwards v. Aetna Life Ins. Co.*,
   690 F.2d 595 (6th Cir. 1982) ............................................................... 9

*Fed. Deposit Ins. Corp. v. Panelfab P.R., Inc.*,
   739 F.2d 26 (1st Cir. 1984) ............................................................. 8-9

*Gleason v. United States*,
   458 F.2d 171 (3d Cir. 1972) ............................................................... 9

*Greenlaw v. United States*,
   554 U.S. 237 (2008) ........................................................................... 25

*Hartmann v. Prudential Ins. Co. of Am.*,
   9 F.3d 1207 (7th Cir. 1993) ............................................................... 25

*John S. Clark Co. v. Faggert & Frieden, P.C.*,
   65 F.3d 26 (4th Cir. 1995) ................................................................... 9

*King v. Herbert J. Thomas Mem'l Hosp.*,
   159 F.3d 192 (4th Cir. 1998) ...................................................... 10, 11

*Lamonds v. GMC,*
    34 F. Supp. 2d 391 (W.D. Va. 1999) ..................................................... 11

*Livingston v. Annucci,*
    No. 9:18-cv-00803-JKS, 2021 U.S. Dist. LEXIS 53129
    (N.D.N.Y. Mar. 22, 2021) ..................................................................... 22

*Lowery v. Stovall,*
    92 F.3d 219 (4th Cir. 1996) ........................................................... 10, 11

*New Hampshire v. Maine,*
    532 U.S. 742 (2001) ................................................................................. 9

*Patriot Cinemas, Inc. v. General Cinema Corp.,*
    834 F.2d 208 (1st Cir. 1987) ................................................................. 10

*Santobello v. New York,*
    404 U.S. 257 (1971) ......................................................................... 14, 20

*Smith v. Groose,*
    205 F.3d 1045 (8th Cir. 2000) ............................................................... 11

*Thompson v. Calderon,*
    120 F.3d 1045 (9th Cir. 1997) ................................................... 11-12, 13

*Townsend v. Burke,*
    334 U.S. 736 (1948) ......................................................................... 22, 27

*Trs. of Columbia Univ. in the City of N.Y. v. Symantec Corp.,*
    Civil Action No. 3:13cv808, 2019 U.S. Dist. LEXIS 242647
    (E.D. Va. Oct. 10, 2019) .......................................................................... 2

*United States v. 198.73 Acres of Land,*
    800 F.2d 434 (4th Cir. 1986) ......................................................... 10, 13

*United States v. Anderson,*
    708 F. App'x 770 (4th Cir. 2017) ............................................... 15-16, 20

*United States v. Attar,*
    38 F.3d 727 (4th Cir. 1994) ................................................................... 27

*United States v. Bagley,*
    772 F.2d 482 (9th Cir. 1985) ................................................................. 12

iv

*United States v. Bakshinian,*
   65 F. Supp. 2d 1104 (C.D. Cal. 1999) ................................................. 13

*United States v. Barefoot,*
   754 F.3d 226 (4th Cir. 2014) ........................................................ 15, 19

*United States v. Bias,*
   No. 15-3162, 2016 U.S. App. LEXIS 3230 (6th Cir. Feb. 22, 2016) . 16

*United States v. Blood,*
   806 F.2d 1218 (4th Cir. 1986) .............................................................. 13

*United States v. Brice,*
   565 F.2d 336 (5th Cir. 1977) ........................................................ 22, 27

*United States v. Cobbins,*
   749 F. Supp. 1450 (E.D. La. 1990) ...................................................... 26

*United States v. Cohen,*
   459 F.3d 490 (4th Cir. 2006) ............................................................... 16

*United States v. Edgell,*
   914 F.3d 281 (4th Cir. 2019) ............................................................... 14

*United States v. Ganadonegro,*
   854 F. Supp. 2d 1088 (D.N.M. 2012) ........................................... 11, 12

*United States v. Gonczy,*
   357 F.3d 50 (1st Cir. 2004) ................................................................. 18

*United States v. Harvey,*
   791 F.2d 294 (4th Cir. 1986) ............................................................... 15

*United States v. Jordan,*
   509 F.3d 191 (4th Cir. 2007) ............................................................... 14

*United States v. Lewis,*
   633 F.3d 262 (4th Cir. 2011) ............................................................... 18

*United States v. McCaskey,*
   9 F.3d 368 (5th Cir. 1993) ............................................................... 9, 13

*United States v. Normil*,
   94-5830, No. 94-5848, No. 94-5848, 1997 U.S. App. LEXIS 31894
   (4th Cir. Nov. 13, 1997) ........................................................................ 15

*United States v. Petties*,
   42 F.4th 388 (4th Cir. 2022) ................................................................ 19

*United States v. Riggs*,
   287 F.3d 221 (1st Cir. 2002) ................................................................ 15

*United States v. Rodriguez-Castro*,
   641 F.3d 1189 (9th Cir. 2011) .............................................................. 18

*United States v. Rosa*,
   123 F.3d 94 (2d Cir. 1997) .................................................................... 28

*United States v. Samuels*,
   808 F.2d 1298 (8th Cir. 1987) .............................................................. 25

*United States v. Silva*,
   247 F.3d 1051 (9th Cir. 2001) .............................................................. 12

*United States v. Sineneng-Smith*,
   140 S. Ct. 1575 (2020) ........................................................... 25, 27-28

*United States v. Tate*,
   845 F.3d 571 (4th Cir. 2017) ................................................................ 14

*United States v. Taylor*,
   77 F.3d 368 (11th Cir. 1996) ................................................................ 13

*United States v. Tucker*,
   404 U.S. 443 (1972) ......................................................................... 22, 27

*United States v. Warner*,
   820 F.3d 678 (4th Cir. 2016) .......................................................... 14, 20

*United States v. Wilson*,
   841 F. App'x 571 (4th Cir. 2021) ........................................................ 16

## Statutes

18 U.S.C. § 3553 ...................................................................................... 4, 5

## Other Authorities

18 *Moore's Federal Practice* § 134.30 (3d ed. 2000) ................................. 9

USSG § 3C1.1 ...................................................................... 17

USSG § 3E1.1 ...................................................................... 17

## I.    INTRODUCTION

Mrs. Toebbe cannot, and did not, waive her right to a fair sentencing process which she did not receive. Upholding her sentence would be a miscarriage of justice and violate the Eighth Amendment. At sentencing, the government agreed that the sentence imposed by the district court was excessive, disproportionate, and based on theories that were indisputably incorrect. However, the government, in its Response, has now offered assertions that completely contradict the statements it submitted to the district court, some of which constitute a breach of the plea agreement. The government is barred from asserting the contradictory statements it submits in its Response. Additionally, because the government has now breached two provisions of its plea agreement, even if the appellate waiver could have been enforced previously, the contract is now void. The government has failed to abide by its obligations under the terms of the plea agreement, and Mrs. Toebbe should likewise be relieved from its provisions. Her sentence should be vacated and the case should be remanded to a different district judge.

## II. The government is barred from asserting contradictory statements.[1]

### A. The government's statements on appeal contradict its statements at th ▮ and sentencing hearings.

At Mrs. Toebbe's ▮ and sentencing hearings, the government justly and honorably supported its request for a 36-month sentence. Now, on appeal, after the district court rejected the government's repeated requests and sentenced Mrs. Toebbe to 262 months incarceration, the government has completely contradicted itself. The following are some examples.

|  | Gov't statement at ▮ and Sentencing Hearings | Gov't statement on Appeal |
|---|---|---|
| *Acceptance of Responsibility* | "She pled guilty and accepted responsibility" J.A. 261. | "[Toebbe] failed to accept responsibility" Resp. at 18. |
|  |  |  |

---

[1] The arguments concerning the government's prohibition on asserting contradictory statements and the government's breach of the plea agreement are justifiably raised for the first time in Mrs. Toebbe's Reply because the Response brief is when these violations occurred. Therefore, the Reply brief is the first possible instance in which these issues could be addressed. *A Helping Hand, LLC v. Balt. Cty.*, 515 F.3d 356, 369 (4th Cir. 2008) (noting an appellate court's discretion to hear arguments raised for the first time in a Reply.); *Trs. of Columbia Univ. in the City of N.Y. v. Symantec Corp.*, Civil Action No. 3:13cv808, 2019 U.S. Dist. LEXIS 242647, at *8 (E.D. Va. Oct. 10, 2019) (same).

| | | |
|---|---|---|
| | "[F]or all those reasons, we don't believe the Court should take her acceptance of responsibility." J.A. 263. | "And because Toebbe did not qualify for a decrease under subsection (a), the district court correctly concluded that she also did not qualify for a decrease under subsection (b)." Resp. at 39. |
| | | |
| | "[I]n the government's opinion, she accepted responsibility and she cooperated" J.A. 285. | |
| | | |
| | "Her conduct was early on in the case. She has pled guilty twice -- twice in a timely manner that avoided any trial preparation and, in fact, allowed us to focus on Mr. Toebbe's cooperation which again -- I don't think it's a small matter - the Department of Navy highly valued" J.A. 261. | |
| | | |
| | "Your Honor, the government doesn't believe and the government is not asking the Court to take Diana Toebbe's acceptance of responsibility for some of the same reasons that [defense counsel] has outlined." J.A. 260. | |

| | | |
|---|---|---|
| | | |
| *Disparities* | "[T]his will be a disparity. If the Court sentences Mrs. Toebbe to the low end of this range or even half the low end of this range, it will be a disparity … as has been accepted by several courts across this land, acts as should be punished more severely, period. And it's logical. The person who had -- it couldn't have been committed without him." J.A. 284. | "Toebbe is incorrect that the district court ignored sentencing disparities under Section 3553(a)(6), including the alleged disparity between her and her husband's sentences." Resp. at 50. |
| | | |
| | A sentence above 36 months "would create [a disparity] for someone who was simply a lookout on two or three occasions" J.A. 290. | "The district court therefore properly considered the need to avoid unwarranted sentencing disparities among similarly situated defendants." Resp. at 52. |
| | | |
| | "[T]he requested sentence [of 36 months] avoids unwarranted sentencing disparities" and giving examples of the commensurate cases J.A. 171. | |
| | | |
| | "[The government] stands by its previous recommendation | |

| | [of 36 months]…this is not a case for such a disparity." J.A. 289. | |
| | | |
| *Proportionality/ Nature and Role in the Offense* | "[T]his should not be a sentence anywhere near 262 months." J.A. 290. | "Toebbe's sentence was not disproportionate to her crime…." Resp. at 55. |
| | | |
| | "It's universally accepted that the person with access, the person who is trusted, the person who has the specialized knowledge of the classified information should be punished more severely than someone who might have helped in some way. For example, as a lookout" J.A. 284. | "[T]he district court properly considered the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1)." Resp. 45. |
| | | |
| | "The seriousness of the offense [supports a sentence of 36-months]. She is not the person with access." J.A. 290. | |
| | | |
| | "The defendant did none of those things [that Jonathan Toebbe did]. Really her offense boils down to acting as a cover and a lookout on three occasions in a three-month period. Nothing more than that. Nothing less." J.A. 172-173. | |

5



| | | |
| --- | --- | --- |
| *Obstruction of Justice Enhancement* | "I find it to be under the application of the 3553 factors excessive to go ten years on top of a sentence for two letters that did not make it to the recipient and had no effect on the case." J.A. 286. | "[The obstruction of justice] finding was not clearly erroneous given Toebbe's letters encouraging her husband to falsely tell authorities that she was ignorant of their criminal scheme." Resp. at 38. |

| | | |
|---|---|---|
| | "[The letters Mrs. Toebbe tried to send had no impact whatsoever on the prosecution of this case." J.A. 255. | |
| | "The prosecution is the victim of this obstruction of justice -- right? -- because we're talking about affecting the prosecution. So I'm trying to give the Court the perspective that the prosecution had in this case and how it actually worked.… She pled guilty and accepted responsibility so we could then focus on him. Get his cooperation which was very valuable to the Department of Navy. Then she even did more than that by supplementing his cooperation because there was a piece of information that he said she had, and she gave us immediately, and it was extremely helpful in assessing the scope of his conduct and any further potential damage." J.A. 261. | |
| *"Plan C"* | "[T]here is no evidence that there is some type of Plan C. In fact, all of the evidence goes against such a conclusion." J.A. 288. | "It was reasonable for the court" to "fashioned a sentence to ensure that, 'by the time |

| | | |
|---|---|---|
| | | [Toebbe] is released from imprisonment, any information she has would most certainly be outdated, stale, and worthless to any nation who would want to cause us harm.'" Resp. 48. |
| | | |
| | "[T]here is no concern about there being a Plan C" J.A. 290. | |
| | | |
| | "Your Honor, there is no evidence of a Plan C, full stop." J.A. 287. | |

In other words, the government's new assertion that Mrs. Toebbe was "properly sentenced under the guidelines" (Resp. at 44) is contradicted by statement upon statement from the government at the ▇ and sentencing hearings.

## B. The government is barred from submitting these inconsistent statements

Courts follow a "general rule that a party to litigation will not be permitted to assume inconsistent or mutually contradictory positions with respect to the same matter in the same or a successive series of suits." *Fed. Deposit Ins. Corp. v. Panelfab P.R., Inc.*, 739 F.2d 26, 30

(1st Cir. 1984)(citing *Gleason v. United States*, 458 F.2d 171, 175 (3d Cir. 1972)); *see also New Hampshire v. Maine*, 532 U.S. 742, 749, (2001)(citing 18 *Moore's Federal Practice* § 134.30, p. 134-62 (3d ed. 2000))("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"). "In certain circumstances a party may properly be precluded as a matter of law from adopting a legal position in conflict with one earlier taken in the same or related litigation." *Allen v. Zurich Insurance Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982); *see also John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28-29 (4th Cir. 1995) ("Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation.").

The purpose of this principle is "to protect the integrity of the judicial process," *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982) by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993); *see also DeGuiseppe v. Village of Bellwood*, 68 F.3d 187, 191-92 (7th Cir. 1995) ("Courts are under no

compulsion to heed the shifting theories of chameleonic

litigants.")(internal quotations omitted); *United States v. 198.73 Acres*

*of Land*, 800 F.2d 434, 436 (4th Cir. 1986) ("Litigants are barred from

taking inconsistent positions in order to 'protect the integrity of the

courts and the judicial process.'")(citing *Duplan Corp. v. Deering*

*Milliken, Inc.*, 397 F. Supp. 1146, 1177 (D.S.C. 1975)).

While the formal doctrine of judicial estoppel requires establishing

three prongs,[2] courts have also recognized that "[j]udicial estoppel is a

judge made doctrine and it has been applied in wildly different ways by

the courts. More lofty courts readily concede that they have difficulty in

formulating a specific test for determining when judicial estoppel

should be applied." *Lowery v. Stovall*, 92 F.3d 219 (4th Cir. 1996) (citing

*Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (1st

Cir. 1987)); *Allen v. Zurich Insurance Company*, 667 F.2d 1162 (4th Cir.

1982) ("The circumstances under which judicial estoppel may

---

[2] "(1) The party to be estopped must be asserting a position that is
factually incompatible with a position taken in a prior judicial or
administrative proceeding; (2) the prior inconsistent position must have
been accepted by the tribunal; and (3) the party to be estopped must
have taken inconsistent positions intentionally for the purpose of
gaining unfair advantage." *King v. Herbert J. Thomas Mem'l Hosp.*, 159
F.3d 192, 196 (4th Cir. 1998).

appropriately be invoked are probably not reducible to any general formulation of principle…").

Further, a court need not invoke this principle as a rigid, formal doctrine of judicial estoppel as the only bar to inconsistent statements. Instead, the concept can be treated as a matter of equity. "In determining the doctrine's applicability, a consideration of the policy behind judicial estoppel is important. Judicial estoppel is invoked to prevent a party from 'playing fast and loose with the courts;' it is designed to protect the integrity of the courts and the judicial process." *Lamonds v. GMC*, 34 F. Supp. 2d 391, 393-94 (W.D. Va. 1999)(citing *King*, 159 F.3d 192; *Lowery*, 92 F.3d at 223). At bottom, it is an "equitable doctrine." *King*, 159 F.3d at 196.

In criminal cases, the government's inconsistencies have also amounted to due process violations. "[D]ue process prevents the prosecution from presenting inherently factually contradictory theories in different criminal trials." *See United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1097 (D.N.M. 2012)(citing *Smith v. Groose*, 205 F.3d 1045, 1052 (8th Cir. 2000)); *see also Thompson v. Calderon*, 120 F.3d 1045, 1058 (9th Cir.1997)("[B]etween one trial and another, the

11

government may not take inconsistent positions as to what occurred.")(rev'd on other grounds); *Drake v. Kemp*, 762 F.2d 1449, 1478-79 (11th Cir. 1985)(Clark, J., concurring)("As the state habeas judge recognized, the prosecution's theories of the same crime in the two different trials negate one another. They are totally inconsistent. This flip flopping of theories of the offense was inherently unfair."). Additionally, in *United States v. Silva*, 247 F.3d 1051, 1057 (9th Cir. 2001), the court explained that "[t]he government cannot take contradictory positions in order to defeat an asserted expectation of privacy." (citing *United States v. Bagley*, 772 F.2d 482, 489 (9th Cir. 1985)).

The representations of a prosecutor are binding on the government. "Congress has expressly authorized the United States Attorney's Office to prosecute crimes in federal courts and thus to speak on the United States' behalf on these matters in a way that will bind the United States." *United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1120 (D.N.M. 2012). Indeed, this Court has held that "a clear and unambiguous admission of fact made by a party's attorney in an opening statement in a civil or criminal case is binding upon the party."

*United States v. Blood*, 806 F.2d 1218, 1221 (4th Cir. 1986); *see also*

*United States v. Bakshinian,* 65 F. Supp. 2d 1104, 1105 (C.D. Cal. 1999)

("[G]overnment prosecutors have the power to bind the sovereign.").

The prosecutor in this case bound the government to its accurrate

representations that Mrs. Toebbe accepted responsibility and ███████

███████████████████████████████████████████████

████████████    The prosecutor likewise bound the government to the

correct positions that the district court's rulings were excessive, created

unwarranted disparities, and defied universal principles on levels of

culpability.

The government is now prohibited from arguing completely

contrary statements. *See United States v. Taylor*, 77 F.3d 368 (11th Cir.

1996). ("Advocacy of a position requiring a greater sentence is flatly

inconsistent with recommendation of a lesser sentence."). The

government may not unjustly capitalize on "the exigencies of the

moment," *McCaskey*, 9 F.3d at 378 which compromises the "integrity of

the courts and the judicial process." *198.73 Acres of Land*, 800 F.2d at

436. It is simply a matter of equity as "[t]his flip flopping of theories

…[is] inherently unfair." *Calderon*, 120 F.3d at 1058.

III. **Government breached its plea agreement with Mrs. Toebbe in its Response brief, rendering the appeal waiver invalid, and necessitating remand to a different district judge.**

### A. A breach of a plea agreement invalidates an appeal waiver and warrants remand to a different district judge.

"'Plea agreements are grounded in contract law,' and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (citing *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017)). "Although we employ traditional principles of contract law as a guide, we nonetheless give plea agreements greater scrutiny than we would apply to a commercial contract [b]ecause a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement." *United States v. Warner*, 820 F.3d 678, 683 (4th Cir. 2016) (citing *United States v. Jordan*, 509 F.3d 191, 195-96 (4th Cir. 2007)(internal quotations omitted)).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). "To the extent that a stipulation entered by the government is essential to the defendant's bargain, it is

14

binding. This is true even if the court is not bound by the stipulation."
*United States v. Normil*, No. 94-5830, No. 94-5848, 1997 U.S. App.
LEXIS 31894, at *12 (4th Cir. Nov. 13, 1997)(citations omitted).

When determining whether a breach of a plea agreement
occurred, ambiguities are "construed against the government as its
drafter." *United States v. Barefoot*, 754 F.3d 226, 246 (4th Cir. 2014);
*see also United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986)
("[B]oth constitutional and supervisory concerns require holding the
Government to a greater degree of responsibility than the
defendant…for imprecisions or ambiguities in plea agreements.").
Further, "[a]lthough a defendant usually demonstrates prejudice by
proving that the error affected the outcome of the proceedings, a
defendant alleging a breached plea agreement on appeal need not go so
far." *United States v. Riggs*, 287 F.3d 221, 225 (1st Cir. 2002)(citations
omitted).

"[The Court] will not enforce an otherwise valid appeal waiver
against a defendant if the government breache[s] the plea agreement
containing that waiver." *United States v. Anderson*, 708 F. App'x 770,
771 (4th Cir. 2017)(citing *United States v. Cohen*, 459 F.3d 490, 495

(4th Cir. 2006)); *see also United States v. Bias*, No. 15-3162, 2016 U.S. App. LEXIS 3230, at *3 (6th Cir. Feb. 22, 2016)("[I]f the government breached the plea agreement, the appeal waiver can be rendered invalid."). In such instances when specific performance is sought, the sentence is vacated and the case is remanded to a different district judge. *See United States v. Wilson*, 841 F. App'x 571, 577 (4th Cir. 2021)(remanding "with the direction that the defendant be resentenced by a different judge").

### B. The government breached its plea agreement in its Response brief.

The government's plea agreement (in paragraph 15) obligated the government to seek a 3-level reduction in Mrs. Toebbe's offense level for acceptance of responsibility. *See* J.A. 204. ████████████

████████████████████████████████████████

████████████████████████████████ J.A. 201. At all times prior to this appeal the government maintained that Mrs. Toebbe had fulfilled her requirements under both sections of this agreement. *See e.g.* J.A. 171, 260-261, 263, 285, 287, 290. The government is bound by

those representations. [3]  Moreover, nothing factually has changed about

this case that could prompt the government to say otherwise.

The government's new assertions that Mrs. Toebbe did *not*

warrant a 3-level reduction for acceptance of responsibility (*see e.g.,*

Resp. at 18) and that the district court correctly evaluated Mrs.

Toebbe's ████████████████████████████████████████████

██████████████████████ directly contravenes the government's

obligations in the plea agreement. There is nothing in this agreement

that indicated that the government would be relieved from such

obligations at the appellate level. "[A] defendant entering into a plea

agreement with the government undertakes to waive certain

---

[3] Additionally, with respect to acceptance of responsibility, the
government's obligation in the plea agreement is predicated in part on
the probation office recommending the 2-level reduction, which the
probation office did do.██████████████████████████████████

fundamental constitutional rights; because of that waiver, the government is required to meet the most meticulous standards of both promise and performance." *United States v. Lewis*, 633 F.3d 262, 269 (4th Cir. 2011) (citing *United States v. Gonczy*, 357 F.3d 50, 53 (1st Cir. 2004)).

To the extent the government may attempt to rely on the sentence in paragraph 17 stating, "[]b]oth parties have the right during any appeal to argue in support of the sentence," (J.A. 206) to justify the government's breach, such explanation would fail. As acknowledged in *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011), while this sentence would allow the government to "tak[e] the position on appeal that the sentence should be affirmed," the government is nevertheless estopped from taking a contrary position on a particular application of the guidelines that it advanced before the district court. *See id.*("The government's position on appeal is not that [the defendant] was not entitled to a minor-role adjustment, but that the district court did not err in declining to award the adjustment. This argument is not inconsistent with its argument to the district court, so estoppel cannot apply here.")(citations omitted).

Therefore, while this single sentence may allow the government to assert broadly that the given sentence is statutory permissible, it does not allow the government to assert specific, affirmative and contradictory statements, especially ones that violate other provisions of the plea agreement, such as claiming now that "Toebbe failed to accept responsibility" (Resp. at 18) when the plea agreement expressly states that the government will concur in the probation office's recommendation for the 2-level reduction and recommend the additional point for timely acceptance of responsibility. J.A.157.[4] At most, this statement about the parties being able to support the sentence on appeal is ambiguous, and ambiguity favors Mrs. Toebbe. *See United States v. Petties,* 42 F.4th 388, 395 (4th Cir. 2022)(explaining that ambiguities in plea agreement are "construed against the government as its drafter")(citing *Barefoot*, 754 F.3d at

---

[4] It would be similarly ridiculous to conclude that the phrase "[p]rior to sentencing" at the beginning of paragraph 5 means that the government may argue against it's own ███████████ on appeal. If this phrase were to be implemented to such a technical degree, it would ostensibly allow the government to move for the ███████████████ prior to sentencing, but then retract it's request at sentencing – a nonsensical result. Rather, as explained, the government must remain consistent and adhere to the basic tenants of its agreement with Mrs. Toebbe.

246)). Put simply, the government cannot derive a benefit from the plea agreement it drafted – the appellate waiver— while in the same breath, violate every principal term that benefits Mrs. Toebbe who was induced to plead guilty on pain of those promises.

Because the government has breached the plea agreement that it drafted, the appeal waiver in it is invalid, *see Anderson*, 708 F. App'x at 771 ("[The Court] will not enforce an otherwise valid appeal waiver against a defendant if the government breache[s] the plea agreement containing that waiver."), and the case should be remanded to a different district judge. *See United States v. Warner*, 820 F.3d 678, 685 (4th Cir. 2016) (finding that the government breached the plea agreement and, relying on *Santobello*, 404 U.S. at 263, remanding for resentencing before a different district judge.).

IV.   **With or without the government's contradictory statements, the government has failed to rebut Mrs. Toebbe's showing that she was deprived of a fair sentencing process, a right that Mrs. Toebbe did not, and cannot, waive.**

As detailed *supra*, the government itself called the district court's finding "excessive"; it said Mrs. Toebbe' sentence should not be "anywhere near a sentence of 262 months"; the government was resolute and persistent in warning the district court that it was creating

an unwarranted disparity; and the government was emphatic that the district court's theory of a "Plan C" was empirically baseless. For the government to now abandon all of those statements and contend that Mrs. Toebbe was properly sentenced is a complete reversal and its comments should be disregarded. *DeGuiseppe*, 68 F.3d at 191-92 ("Courts are under no compulsion to heed the shifting theories of chameleonic litigants")(internal quotations omitted).

Yet, even without disregarding the government's comments, the government's Response did not diminish Mrs. Toebbe's valid claim that she was denied a fair sentencing process with a neutral arbiter based on facts rather than unfounded speculation that infected the entire process, and that receiving a fair sentencing hearing is a due process requirement that transcends the bounds of the appeal waiver.

The government argues that Mrs. Toebbe's "claims amount to a simple disagreement with the district court's factual findings," Resp. at 30. While the government may want to minimize the fatal flaws in Mrs. Toebbe's sentencing hearing to a "simple disagreement," they are far more serious because Mrs. Toebbe was sentenced based on factually inaccurate speculations in violation of due process. *See United States v.*

*Brice*, 565 F.2d 336, 337 (5th Cir. 1977) ("Clearly, a defendant may not be sentenced on the basis of information which is materially untrue.") (citing *United States v. Tucker*, 404 U.S. 443 (1972); *Townsend v. Burke*, 334 U.S. 736 (1948)); *Livingston v. Annucci*, No. 9:18-cv-00803-JKS, 2021 U.S. Dist. LEXIS 53129, at *13 (N.D.N.Y. Mar. 22, 2021)("[D]ue process is violated when the information on which the defendant is sentenced is 'materially untrue' or is, in fact, 'misinformation.'") (citations omitted). This is a truth that even the government tacitly acknowledged. *See* J.A. 288 ("[T]here is no evidence that there is some type of Plan C.  In fact, all of the evidence goes against such a conclusion."); J.A. 290 ("[T]here is no concern about there being a Plan C"); J.A. 287 ("Your Honor, there is no evidence of a Plan C, full stop."). This is a truth that no amount of minimizing can eviscerate.

Contrary to the government's suggestion, (Resp. at 37) the authenticity of the jail letters, (which the government stated "had no impact whatsoever on the prosecution of this case," J.A. 255, and lead to an "excessive" result, J.A. 286) was not one of the factual inaccuracies made by the district court. Thus, the government's repeated refrain that

the letters Mrs. Toebbe admitted to sending were authentic, *see* Resp. at 37-38, fails to respond to any of the grave errors that occurred during Mrs. Toebbe's sentencing hearing.

Rather, these due process violations occurred when the district court abandoned its role as neutral arbiter, violating the principle of party presentation (which the government does not even address), and sentenced Mrs. Toebbe based on empirically baseless theories over the cries of the two adverse parties. The most egregious example of this was the notion that Mrs. Toebbe's sentence must be high enough to render useless any classified information Mrs. Toebbe might still have buried in the ground somewhere – despite the government's assurance that "all of the evidence goes against" concluding such a plan exists. J.A. 288.

The Government argues that "[t]he court did not find as a matter of fact that the Toebbes held onto Restricted Data that they later planned to distribute." Resp. 48. Yet that is exactly what the district court found as a matter of fact, stating that the sentence must be high so that "by the time [Mrs. Toebbe] is released from imprisonment, *any information she has would most certainly be outdated, stale, and worthless to any nation who would want to cause us harm.*" J.A. 301

(emphasis added). There is no other way to interpret the "information she has" in this context as anything other than retained classified information. Moreover, the district court directly relied on this notion to justify Mrs. Toebbe's excessive sentence, and it would have inevitably affected every ruling the district court made, from its finding that Mrs. Toebbe did not ███████████████████████ to its denial of Mrs. Toebbe's acceptance of responsibility reduction – all over the government and defense's joint objections.

The district court's faulty assertion that Mrs. Toebbe was "most probably … driving the bus" (J.A. 299) was yet another baseless claim that poisoned Mrs. Toebbe's sentencing hearing and violated her due process. The government grasps, now, to find a plausible factual basis for this conclusion, but it was the government who stated the opposite throughout the pendency of the case (*see* J.A. 176, describing Mr. Toebbe as "the person who came up with this idea"; J.A. 472, referring to it as "Mr. Toebbe's plan'" and J.A. 426, explaining that Mrs. Toebbe "joined a conspiracy with her husband that lasted a matter of months and in which she was a more passive participant."). Moreover, it was the government who would know since it was the government on the

24

receiving end of the information almost the entire span of this endeavor, and the government who spent months investigating every facet of the Toebbes' lives. *See* J.A. J.A. 287-288 (describing the government's extensive investigative measures).

The district court violated Mrs. Toebbe's right to a fair sentencing process in other ways as described throughout Mrs. Toebbe's opening brief. The district court abandoned its role as neutral arbiter and improperly inserted itself in the proceedings, a fact that is evidenced by its repeated violations of the principle of party presentation. Rather than accepting that "[o]ur adversary system is designed around the premise that the parties know what is best for them," *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (citing *Castro v. United States*, 540 U.S. 375, 381-383 (2003)), the district court improperly inserted itself "looking for wrongs to right." *Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) (citing *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987); *see also Hartmann v. Prudential Ins. Co.*, 9 F.3d 1207, 1214 (7th Cir. 1993) ("Our system . . . is not geared to having judges take over the function of lawyers….").

As well-established precedent dictates, it is the government who is best positioned to know if Mrs. Toebbe ███████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████ yet the district court rejected this. Both parties advised, in detail, of the significant unwarranted disparity the district court was creating in its rulings, *see e.g.* J.A. 284 ("[T]his will be a disparity."); J.A. 209-219 (defense disparities chart); J.A. 422-426 (government disparities argument) yet the district court ignored this as well. Both parties adamantly opposed the idea that there was a "Plan C, and asserted that Mrs. Toebbe was significantly less culpable than Mr. Toebbe, yet the district court insisted the opposite. At each turn, the district court improperly inserted itself in the proceedings, failing to adhere to the principle of party presentation and judicial neutrality, thereby compromising the integrity of the entire sentencing process.

All of these cumulative failings, displayed so overtly as they occurred over the cries of both adverse parties, denied Mrs. Toebbe a

fair sentencing process – a principle so fundamental to the United

States' system that it cannot be waived, even through the heavy-handed

plea bargaining process. *See United States v. Attar*, 38 F.3d 727, 732

(4th Cir. 1994) at 732 ("[A] defendant's agreement to waive appellate

review of his sentence is implicitly conditioned on the assumption that

the proceedings following entry of the plea will be conducted in

accordance with constitutional limitations.") Moreover, the district

court's rulings undermined the government's ability to incentivize a

guilty plea and ███████████, which in matters of national security, is

critical.

## V.  Upholding Mrs. Toebbe's sentence on the basis of an appeal waiver would result in a miscarriage of justice.

The Government claims that Mrs. Toebbe's miscarriage of justice

argument is "novel." J.A. 29. Yet, Mrs. Toebbe cited numerous cases

stating the somewhat obvious principle that a defendant has a due

process right to be sentenced based on accurate information. *See e.g.

Def.'s Opening Br.* at 33 (citing *Brice*, 565 F.2d at 337; *Tucker*, 404 U.S.

at 443; *Townsend*, 334 U.S. at 736). Mrs. Toebbe cited to cases detailing

that it is an abuse of discretion for a court to "depart[] so drastically

from the principle of party presentation. *Id.* at 30 (citing *Sineneng-

*Smith*, 140 S. Ct. at 1578). And more generally, Mrs. Toebbe referred to cases supporting the principle that a sentence should not be upheld on an appeal waiver when it "simply appears that the ultimate sentence is so far beyond the anticipated range that to deny the right of appeal would raise serious questions of fundamental fairness." *Id.* at 25 (citing *United States v. Rosa*, 123 F.3d 94, 101 (2d Cir.1997)). These were just a few among the many cases supporting each of Mrs. Toebbe's individual arguments. Instead, it is the government who has failed to provide a case that indicates when a district court violates judicial neutrality, ignores sentencing disparities, and imposes a sentence based on false theories that the defendant is *not* entitled to a new sentencing hearing, even with an appeal waiver.

## VI.    Mrs. Toebbe's sentence violated the Eighth Amendment.

The earlier representations of the government to the district court included statements that the district court's ruling was excessive, and that Mrs. Toebbe's sentence created an unwarranted disparity and violated universally held principles on culpability. Now, the government asserts to this Court that Mrs. Toebbe's 262-month sentence, which was roughly 19 years above the joint recommendation, roughly 13 years

above the binding sentence contemplated in the plea agreement, and roughly 3 years above the principal offender's sentence, was "not disproportionate." Resp. at 55. Such a contention, not only defies the facts, *see. e.g.* J.A. 174, J.A. 209-219 (outlining the sentences of others) it defies the government's own original position. *See* J.A. 284-285, J.A. 289 (explaining that the district court's rulings create a disparity). Because Mrs. Toebbe's sentence was so grossly disproportional to her criminal conduct, it violated the Eighth Amendment.

## VII.  CONCLUSION

Mrs. Toebbe's sentence should be vacated and her case remanded to a different district judge. The government's Response contradicts its earlier positions and breaches the plea agreement. Even if the appeal waiver was enforceable before, it is now invalid, and the case demands remand to a different district judge. In any event, Mrs. Toebbe was denied a fair sentencing process by a neutral arbiter based on facts rather than materially false speculations. This violation of due process transcends the appeal waiver. Additionally, it would be manifestly unjust to uphold a sentence so far above the term anticipated in the binding plea agreement, and even farther in excess of the joint

recommendation for 36 months. For all of these reasons, and those outlined in more detail in Mrs. Toebbe's opening brief, Mrs. Toebbe's sentence should be vacated and her case remanded to a different district judge.

Respectfully Submitted,
DIANA TOEBBE
By Counsel

*/s/ Jessica N. Carmichael*
Jessica N. Carmichael, Virginia Bar 78339
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 684-7908
jessica@carmichaellegal.com

*/s/ Barry P. Beck*
Barry P Beck
POWER, BECK & MATZUREFF
308 West Burke Street
Martinsburg, WV 25401
304-264-8870
bpbeck@frontier.com

## CERTIFICATE OF COMPLIANCE

1. The foregoing brief has been prepared in a proportionally spaced typeface using Microsoft Word, Century Schoolbook, 14 point.

2. Exclusive of the table of contents; table of citations; certificate of compliance and the certificate of service, the foregoing brief contains 5,701 words.

3. I understand that a material misrepresentation can result in the Court striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief with the word or line printout.


*/s/ Jessica N. Carmichael*
Jessica N. Carmichael, Virginia Bar 78339

## CERTIFICATE OF SERVICE

I certify that, on June 22, 2023, I electronically filed the foregoing Reply Brief of Appellant with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

I further certify, that on June 22, 2023, I served the Sealed version of the foregoing brief, via USPS, on counsel listed below:

Jarod J. Douglas
OFFICE OF THE
UNITED STATES ATTORNEY
P. O. Box 591
Wheeling, WV 26003

Danielle Tarin
U. S. DEPARTMENT OF JUSTICE
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

/s/ Jessica N. Carmichael
Jessica N. Carmichael, Virginia Bar 78339