IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| v. | ) No. 22-4689 |
| DIANA TOEBBE, | ) |
| Defendant-Appellant. | ) |

### OPPOSITION OF THE UNITED STATES TO TOEBBE'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS

Appellee, the United States of America, respectfully opposes appellant Diana Toebbe's motion for leave to file a supplemental brief and to postpone the oral argument scheduled for September 19, 2023. Toebbe contends that additional briefing and delaying the argument are necessary so she can raise for the first time a claim that, under her plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(C), the district court was required to grant downward departures for acceptance of responsibility and substantial assistance. This Court should deny the motion. Toebbe waived her Rule 11 claim by failing to timely assert it, and she offers no sound reason for excusing that waiver. In any event, her claim is meritless because, under Rule 11 and the plea agreement, the district court was not required to accept the parties' recommendation as to the downward departures.

1

1. Toebbe never argued below that her plea agreement and Rule 11(c)(1)(C) bound the district court to grant downward departures for acceptance of responsibility under § 3E1.1 and substantial assistance under § 5K1.1 of the U.S. Sentencing Guidelines Manual (U.S. Sentencing Comm'n 2021) ("U.S.S.G."). She also failed to raise that claim in her opening brief or reply brief in this Court. The claim is therefore both forfeited, *see United States v. Vonn*, 535 U.S. 55, 63 (2002) (holding that a criminal defendant who fails to make a timely objection in district court to an alleged Rule 11 error must meet the plain-error standard on appeal), and waived, *see United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.").

Toebbe provides no sound reason why this Court should depart from well-established waiver principles in this case. She does not point to any obstacle that prevented her from objecting on this ground at sentencing or from raising the issue in her previous briefs. Nor does she contend that there has been any relevant, intervening change in the governing law. And although Toebbe states (Mot. 6) that she "only came to fully understand [her new claim] when preparing for oral argument in this matter," she does not cite any authority suggesting that this reason excuses her waiver or provides an appropriate basis for ordering supplemental briefing.

2. In any event, Toebbe's claim has no merit because the plea agreement and Rule 11 did not bind the district court to accept the parties' recommendations that the district court apply the acceptance of responsibility guideline under U.S.S.G. § 3E1.1 or grant a downward departure for substantial assistance under U.S.S.G. § 5K1.1. Federal Rule of Criminal Procedure 11(c)(1)(C) provides that a

> plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a *particular provision* of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1)(C) (emphasis added). Toebbe argues that Rule 11(c)(1)(C) is an "all or nothing" provision, such that every agreement the parties make binds the district court (once it accepts the plea). But that argument is contradicted by the plain language of the rule, which makes clear that the agreement may specify "particular provision[s]" that are binding while leaving other determinations to the court's sentencing discretion.

Here, the plea agreement did just that. The parties agreed that only one term in the plea agreement—Paragraph 3—would bind the district court under Rule 11(c)(1)(C). Paragraph 3 provides in relevant part, "Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree to the following binding term: a sentence of imprisonment of not more than the low end of the applicable Guidelines range." J.A. 201. No other paragraph in the plea agreement,

3

including the paragraphs addressing the government's recommendations under U.S.S.G. § 3E1.1 and U.S.S.G. § 5K1.1, refers to Rule 11(c)(1)(C) or a "binding term." *Cf.* J.A. 204 (agreeing that the government's recommendation to apply U.S.S.G. § 3E1.1 is "nonbinding"). So, under Rule 11(c)(1)(C), the district court was bound only by the "binding term" in Paragraph 3. And the district court did not violate that term because it sentenced Toebbe to a sentence of imprisonment at the bottom of her applicable Guidelines range. J.A. 291. Accordingly, there is no reason for this Court to grant Toebbe's eleventh-hour request for supplemental briefing, or to delay the oral argument, to consider her untimely and meritless Rule 11 argument.

For the foregoing reasons, the United States respectfully requests that the Court deny Toebbe's motion for leave to file a supplemental brief.

Respectfully submitted,
_____//s//_____
Danielle Tarin
Attorney for the United States
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave., NW
Washington, DC 20530
Phone: (202) 532-4493
Facsimile: (202) 353-3880
danielle.tarin@usdoj.gov

4

CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to the following registered CM/ECF users:

Jessica Carmichael
Carmichael Ellis & Brock, PLLC

Barry Philip Beck
Power, Beck & Matzureff

Counsel for Appellant

By: _____//s//_____
Danielle Tarin
Attorney for the United States
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave., NW
Washington, DC 20530
Phone: (202) 532-4493
Facsimile: (202) 353-3880
danielle.tarin@usdoj.gov

5